WILFORD S. PETRIE, by Special Guardian, Respondent, *v.* MOSES PETRIE, Surviving Executor, &c., et al., Appellants.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1872.)

In an action to compel an accounting, all persons interested in obtaining the account must be made parties.

The rule applies, it seems, in an action to compel the accounting of an executor, to legatees who, in receipting for legacies, have given agreements to refund, and in an action for an accounting by trustees, to the personal representatives of a deceased co-trustee; especially if not conceded that no part of the trust estate was received by the deceased trustee. And where such fact is conceded, *quere.*

Where there are no representatives of the trustee appointed, they should be appointed before suit, and made parties.

Persons entitled under a will to allowance out of the income of the testator's estate for their education, are necessary parties to the accounting of an executor.

Where the will directs the executors and trustees to apply, out of the general income of the estate, a sufficient sum to educate certain minors so long as industrious, &c., and until a certain age, the trustees should determine what sum they will pay annually; and invest a principal sum, out of the estate, sufficient to yield such sum at interest, after satisfying commissions, debts and funeral expenses.

A legacy for education, like one for maintenance, is to be preferred to general legacies; and in case of doubt as to a sufficiency of assets to provide for such legacy, the legatee has a right to an accounting and to compel the investment of a sufficient sum to answer the purposes of the bequest.

The assets of an estate can only be recovered by the personal representative of the deceased; a legatee under a will, as such, has no power to collect assets of the estate from a deceased executor's representatives, nor to restrain the executor, when solvent, from applying the funds of the estate to fictitious or outlawed claims.

One claiming to restrain an executor from making such payments must show the executor's insolvency; his ignorance on the subject will not throw the *onus* on the executor.

Petrie *v.* Petrie.

THIS was an appeal from an order overruling a demurrer to a complaint.

The complaint averred that on or about the 15th of September, 1859, David Petrie, of Little Falls, in the county of Herkimer, departed this life leaving a last will, in and by which he appointed his brothers, Moses and Joram Petrie, and his nephew, Jost D. Petrie, executors and trustees, and devised all his estate, real and personal, not therein specifically given and disposed of, to his said executors in trust.

1st. To pay debts and personal expenses, to erect and maintain a monument to his deceased wife in his burial lot in the cemetery, and to keep the lot in order; and at the expiration of said trust he gave $400 to the trustees of the village of Little Falls to take care of and keep in order such monument and grounds.

2d. He directed his executors and trustees to apply, out of the annual income of his property, a sufficient sum to liberally educate Charles Petrie and the plaintiff, to commence when said boys attained the age of thirteen years, and to continue so long as they were diligent students of sober, temperate habits and of good morals and behavior, and until each should attain the age of twenty-three years. The executors were also required to apply fifty dollars out of the yearly income to the education and support of James H. and Caroline Bowen, to commence when said James H. should attain the age of thirteen, and continue until he became eighteen years of age, and while he was studious and of good morals, &c.

That the executors were also required to pay, out of the annual income, the school bills of the children of Elizabeth Staring.

That he next gave pecuniary legacies to some twenty persons, amounting in the aggregate to several thousand dollars.

That he also gave to his sister, Mary Petrie, during her natural life, or so long as she should bear her then present name, the entire use of his homestead, together with furniture, &c., and it was his wish that his brother, Moses, should live with her. At her death he gave said property to his

nephew, Charles L., for life, provided he occupied the same; and at his death to his oldest male child in fee; and if he should die without male issue, then to the oldest son of his brother.

That the executors were required to pay certain sums annually for various lengths of time for the support of the clergymen of certain religious denominations, and fifty dollars per year for ten years for the education of poor children in the village of Little Falls, to be designated by said executors.

That the residue of his estate, after paying legacies, &c., was to be paid one-half to Joram Petrie or his heirs, and the other half to be divided amongst his nephews, Philo, Henry and Jost D. Petrie and their heirs.

That it was further provided that said trusts were to continue in force during the joint and several lives of his nephews, Charles and Philo; and on the death of the survivor he gave the trust estate, one-half, to Joram Petrie. If he should then be dead, to his heirs; and if none, then to the son's children or the descendants of Isaac Petrie. The other half to the children, &c., of said Isaac.

That the trustees were authorized to dispose of his estate at private sale.

That the will was duly proved, and the executors took on themselves the duties of said trust.

That on or about the twenty-first of August, 1865, Jost D. Petrie, one of said executors, and the father of the plaintiff, died, leaving the other two trustees surviving him.

That on the sixteenth of October, 1869, Joram Petrie, another of said executors, died intestate, leaving Moses the only surviving trustee.

That Fanny P. Cottle and Charles L. Petrie were duly appointed administrators of his said estate.

That the plaintiff and Charles L. Petrie are each more than thirteen years of age.

That at the death of the testator, David Petrie, he was possessed of a considerable personal property, most of which

passed into the hands of Joram, but a part into the hands of Moses.

That David died seized of sundry parcels of real estate, all of which, except a farm of 129 acres, was free from encumbrance; the farm was under a mortgage for $3,000, executed since the death of said David. The money was raised for the benefit of Joram, one of the executors. Moses, the other executor, knew of said mortgage and the purpose for which it was made, and yet suffered it to remain a lien on said farm for several years prior to the death of said Joram.

That Moses Petrie is an old man, unacquainted with accounts, and wholly unfit to act as trustee in the keeping of accounts. Houses on the land, left by the testator, were permitted to remain unoccupied.

That the farm worth $3,000 is rented for five years, for $160 per year. The village property is so managed that Moses claims he receives but $600 therefor annually. Debts due from the estate are left unpaid. Moses has received moneys belonging to the estate, the amount of which is unknown to the plaintiff.

That the plaintiff alleges that the bequest to the village of Little Falls is void, and, if not paid, should be so declared.

He further alleges that he is informed and believes that he is entitled to have it ascertained what the annual income of the estate is, after the payment of the debts of said estate, and a sum sufficient to educate him and Charles L. be set aside for that purpose.

That legacies to sixteen of the legatees have been paid and also the amount directed to be paid to the several clergymen.

It is alleged that the bequest for the education of poor children is void.

That the representatives of Joram Petrie claim that there is due from the estate of David sundry demands which are either unfounded or outlawed.

That Moses and Joram Petrie had received divers sums of money, as executors of David, for which moneys the representatives of Joram ought to account.

The complaint then demands as relief:

1st. An accounting.

2d. That provision in the will providing tnat fifty dollars, for ten years, be applied to the education of poor children, be declared void.

3d. That the legacy to the village of Little Falls, if not paid, be declared void.

4th. That the rights of the plaintiff and Charles L. Petrie to an education out of the estate of the testator be established and determined, and the duty of the executors in reference thereto be also determined.

5th. That the executors be restrained from paying out of, or in any manner charging, the estate of said David Petrie with the debts formerly held by said Moses Petrie, except as the court may order.

To this complaint, of which the above is an abstract, the defendant, Fannie Cottle, individually and as administratrix of Joram Petrie and Moses Petrie, demurs on the following grounds:

1. Defect of parties plaintiff.

2. Defect of parties defendant.

3. Several causes of action have been improperly joined.

4. Plaintiff has no legal capacity to sue.

5. The complaint does not state facts sufficient to constitute a cause of action.

Fannie Cottle individually demurs to the complaint on the further ground that the facts alleged in the complaint, except so much as charges the bequest to the village of Little Falls void, and that if paid the executors who paid it should account for it, and that the plaintiff is entitled to have the amount of the income of the estate ascertained, and a sufficient amount set apart to educate him and the said Charles, do not constitute a cause of action.

The demurrers were overruled and leave given to defendants to answer on payment of costs. From this order the defendants appeal.

Petrie v. Petrie.

*F. P. Sizer* and *O. O. Cottle*, for the appellants.

*Charles G. Burrows*, for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

MULLIN, P. J. By the will the real and personal property of the testator were conveyed to the executors in trust to pay debts and legacies. They are to be treated, therefore, as trustees, and as such they are to account in equity for the property so conveyed to them in trust. Part of the relief sought by the plaintiff is an accounting by the trustees; but to an action to compel an accounting all persons interested in obtaining an accounting must be made parties.

Story, in his work on Equity Pl., § 219, says: "Whenever different persons are interested in an account, though not in the same right, they should all be joined, as for instance heirs and personal representatives, residuary legatees and distributees, mortgagors and mortgagees, and their assignees. (*Sortore* v. *Scott*, decided in this department in March last.*)

If the legatees whose legacies under the will have been paid gave to the executors agreements to refund, as they (the executors) had the right to require the legatees to give, they are still interested in the estate, and entitled to be heard on the accounting. But if no such agreement to refund was given, there are still several persons interested in the accounting who are not made parties.

To an action for an accounting by trustees the personal representatives of a deceased trustee are necessary parties, unless it is conceded that no part of the estate came into his hands. Even then, the protection of his estate would seem to require that his representatives be made parties. (*King* v. *Talbott*, 40 N. Y., 76; *Sortore* v. *Scott*, *supra*.)

Whether there are any personal representatives of Jost D. Petrie, a deceased trustee, does not appear; but if there are

* Reported 6 Lans., 271.

none, representatives should be appointed and made parties. His heirs-at-law do not represent him for the purposes of stating an account of the trust estate.

James Bowen, who is entitled to an allowance out of the income of the testator's estate toward his education, and the children of Elizabeth Staring, toward whose education money is to be paid annually, are all necessary parties to the accounting.

It is unnecessary to name all the persons who should be, but who are not, made parties. It is sufficient to say that all should be made parties who have an interest in the estate; and the complaint is defective so long as any such persons are omitted.

It was the duty of the trustees to determine what sum they would pay annually to the plaintiff and Charles L. Petrie toward their education, and out of the property of the estate to invest on interest such a sum, as principal, as that the interest would raise the sum decided to be necessary for their education. (*King* v. *Talbott, supra*.)

This could be done only in the contingency that the assets in the hands of the trustees were sufficient to pay the commissions of the trustees, funeral expenses and the debts of the estate.

After these were satisfied, then the plaintiff and Charles were entitled to have enough of the remainder of the estate invested to produce the amount to which they were entitled.

The will directs the amount which is to be applied to the education of Charles D. and the plaintiff, to be paid from the income of the estate. If this provision is construed strictly, it might preclude such an appropriation and investment as is suggested above, and compel the trustees to keep the income together, and out of it to pay the legacies. But such a construction might result in depriving the plaintiff and Charles of the sum deemed necessary, for a part or all of the time, should the assets prove insufficient to pay the debts and legacies.

It would, therefore, seem to me the preferable mode in

which to give effect to the intention of the testator to set apart a sum which would yield as interest annually the amount required.

A legacy for education, like one for maintenance, must be paid in preference to the general legacies given by the will, if the assets are sufficient for the purpose.

If, therefore, there is any doubt as to the sufficiency of the assets to pay all the debts and legacies, the plaintiff has the right to require the trustees to account, and to compel them to invest sufficient to yield as interest the amount deemed sufficient by the trustees to educate him.

To arrive at the condition of the estate, it is indispensable that the validity of the bequests be determined; hence, the necessity of asking in this action a determination of the validity of the bequest to the village of Little Falls, and for the education of poor children.

A cause of action against the representatives of Joram Petrie to collect assets which may have come to his hands cannot be joined with either of those above mentioned for two reasons.

1st. Because the plaintiff cannot maintain an action to recover assets. Such an action can only be maintained by the personal representatives of the latter.

2d. Because it is a cause of action separate and distinct from that for an accounting or to determine the validity of the legacies, and does not arise out of the same transaction within the meaning of the Code.

If the surviving trustee was insolvent (which is not charged) the plaintiff might maintain an action to restrain him from applying the funds of the estate to the payment of fictitious or outlawed debts, or committing any other breach of trust. When, however, the executor is solvent he may pay such debts as he pleases; but if he pays debts not legally chargeable to the estate he does so in his own wrong, and the payment will be disallowed in the settlement of his account.

The plaintiff says that he does not know that Moses Petrie is solvent; he should know that he is not before he can

require the court to assume to control his action as trustee, or to remove him from the trust.

Other insurmountable difficulties in maintaining the action, as it is set out in the complaint, lie in plaintiff's way; but it is unnecessary to refer to them more particularly, as the difficulties already suggested will enable the pleader to prepare a complaint that will obviate them.

The order of the Special Term must be reversed, and leave given to the plaintiff to amend his complaint on payment of costs of the demurrer and of this appeal. If he does not amend, then judgment is ordered in favor of the defendants on the demurrer, with costs.

Judgment accordingly.