## SUPREME COURT.

ALEXANDER McDONALD agt. AUGUSTUS KOUNTZE and others.

*Demurrer to complaint — Improper joinder of causes of action*

A cause of action, arising out of a breach of contract on the sale of real estate, cannot be united in the same complaint with a cause of action arising from the wrongful conversion of personal property; nor can a cause of action for the latter be united with a claim for an *accounting* between principal and agent, or banker and his customer, with regard to dealings in money.

*Special Term, December,* 1878.

DEMURRER to complaint.

*Edward F. Brown,* for plaintiff.

*Alvin Burt* and *F. J. Fithian,* for defendants.

VAN VORST, J. — The pleader, who prepared the complaint in this action, seems to have an idea that, in one action, he may unite and try all his causes of complaint against his adversary, it matters not how different they are in character, or in what they may have originated.

' The complaint contains eighteen sections, setting up, in some form, nearly as many different causes of action, some of which are entirely disconnected, others running into each other, several of which may not be united in the same complaint, as will appear from a slight examination of them.

The third and fourth sections, together, disclose a claim for a breach of contract, growing out of a purchase of real estate in the city of Chicago, by which plaintiff alleges that he sustained a loss to the amount of $30,000.

The fifth section discloses a joint transaction between the plaintiff and defendants in " Little Rock stock," which

McDonald agt. Kountze.

resulted in a loss, in respect of which, plaintiff claims to have made a payment over and above his proportion of the loss.

Sections six, seven and eight set up a loan made by defendants to plaintiff of $10,000 at usurious rates, and a compulsory purchase of lands located in Florida, at five dollars per acre, which land the plaintiff has sold at fifty cents an acre, the same being worth little or nothing in the market.

Section nine discloses that plaintiff was in the habit of leaving with defendants, as custodians for safe-keeping, bonds, stocks, life insurance instruments and other documents, and they were in the habit of redelivering same to plaintiff, on his order, until plaintiff refused to allow the usurious charges, when they refused.

Section ten alleges that plaintiff left with the defendants a mortgage on the property of Emma C. McDonald for $27,500, together with divers shares of stock, as an inducement for the extention of "*paper*," made or indorsed by plaintiff, and some stock, as collateral security for a draft which is alleged to have been paid, and that they have wrongfully and fraudulently refused to deliver the stock to plaintiff.

Section eleven alleges that plaintiff left with defendants, as his bankers, for safe-keeping, many other securities which were wrongfully and fraudulently withheld by defendants, and have only in part been restored to plaintiff. Section twelve shows that several promissory notes, made by plaintiff, are in suit; in whose favor the suits are brought is not disclosed, but the notes have been paid.

Sections fourteen and fifteen disclose a claim growing out of a neglect and refusal, on the part of the defendants, to cancel of record, according to agreement, a considerable mortgage on Michigan pine lands, given as collateral security on a purchase of property in New York, by which plaintiff has been prevented from selling the land, and has sustained damages to the amount of $75,000; the consideration on the purchase of the New York property having been furnished by one Emma C. McDonald.

McDonald agt. Kountze.

Now here are several distinct causes of action. There are claims for breaches of contract in relation to the purchase of real estate, for the recovery of moneys paid on losses in joint transactions in the sale of stocks, for redress against usurious agreements on the loans of moneys, for stocks and securities wrongfully and fraudulently converted, in respect to notes in suit, which are claimed to have been paid, and claims for damages arising from a failure to satisfy mortgages, all united in the same complaint, some arise in contract, some in tort and some from neglect and omission of duty.

Such of them as arose out of contract, it was proper to unite with each other, but these cannot be united with claims originating in tort.

That the Code distinctly forbids (*sec.* 484).

All the causes of action so united must belong to one of the subdivisions of that section.

A claim for damages resulting from a breach of contract on the sale of real estate cannot be united with a cause of action arising from the wrongful conversion of personal property.

Nor can a claim for the latter be united with a claim for an accounting in respect to transactions between a principal and agent, or banker and his customer, with regard to dealings in money.

The blending of legal and equitable jurisdiction in the same court has not, nor has the Code, worked a confusion of remedies.

That an agent can be brought to account with his principal for moneys and property received cannot be doubted. But in order to uphold such action it must appear that the transaction arose out of such relation.

It is, indeed, alleged in the complaint that the defendants are bankers, and that some of the transactions arose out of that relation. But that is not averred with respect to all the causes of action.

In section thirteen of the complaint, it is alleged that the defendants acted as bankers for the plaintiff, and received

deposits of money from him.   With respect to such moneys, and their disposition, if an accounting was necessary, the plaintiff would be entitled to an account.   And so with respect to securities left with a banker.   They might be demanded, and if their redelivery was improperly refused, an action at law for their recovery could be maintained, or if the dealings with respect to them involved an accounting, such accounting could be had.

But in respect to all the transactions mentioned in the complaint, they are not distinctly averred to be between the plaintiff and defendants as bankers and customer.   Nor with respect to all of them can it be said that the relation of principal and agent existed.   Some of the causes of action appear to be isolated and distinct transactions between the plaintiff and defendants, in respect to which each was to look out for himself, no confidential or trust relation being alleged to exist.

And to a cause of action against a banker for an accounting with respect to moneys, cannot be joined a claim for damages arising out of a wrongful conversion of personal property, or such as result from a failure to satisfy a mortgage.

The following cases bear upon the subject of the improper joinder of causes of action: *Furniss* agt. *Brown* (8 *How. P. R.*, 59), *Petrie* agt. *Petrie* (7 *Lans.*, 90).

There should be judgment for the defendants on the demurrer, with liberty to plaintiff to amend on payment of costs.