WILLS—LEGACIES FOR MAINTENANCE—WHEN PREFERRED.

Bequests for maintenance of testator's son and his wife, and maintenance and education of their children, who are of full age, and presumably not dependent on the fund, are not to be treated as specific legacies, and paid before other general legacies, where the will makes other provision for the same beneficiaries, and the evident intention of testator was that all legacies should stand on an equal footing.

Judicial settlement of the account of Maria M. Carr as executrix, etc., of Maria M. Wadelton, deceased. Decree advised.

Stitt & Phillips, for executrix.

Shepard & Prentiss, for contestants.

Patrick E. Callahan, special guardian, in pro. per.

ABBOTT, S. By her will, Maria M. Wadelton directed the payment of her debts and funeral expenses, and that a suitable monument be erected over her grave. The third paragraph of her will is as follows:

"Third, I give to my executors the sum of ten thousand dollars in trust to invest the same, and apply one-half the income therefrom during the life of my son, Joseph M. Lee, to his support and the support of his wife, Harriet H. Lee, and to the support and education of their children, Harriet R., Sophia L., and Mary E.; and, upon the death of my said son, I direct that five thousand dollars, the one-half of said sum of ten thousand dollars, be paid to and distributed equally among the said three children of my said son: provided, that if, at that time, any of said children be under the age of twenty-one years, the share of such child shall not be paid until she becomes twenty-one years of age, and in the meantime the income from such share shall be applied by my said executors to the support and maintenance of such child. And I direct that my executors shall apply the other half of the income arising from said ten thousand dollars, during the life of my said daughter-in-law, Harriet L. Lee, or (in case she survives my son) until her remarriage. whichever shall happen, to the support of herself and her said husband, and the support and education of their said three children; and upon the death or remarriage of my said daughter-in-law, whichever shall first happen, I direct my executors to pay and distribute five thousand dollars, the remaining half of said ten thousand dollars, to and among said three children of my said son: provided, if, at that time, any of said children be under age of twenty-one years, her share shall not be paid until her arrival at age; the income from such share to be applied in the meantime to her support and education, the same as hereinbefore provided in relation to the share in the other half of said ten thousand dollars."

By the fourth paragraph of her will, she specifically devises to her executors in trust her property on Flushing avenue, in Brooklyn, and

directs her executors to apply the net income thereof "to the support of my said daughter-in-law's family, namely, herself, her husband, and their said three children," and upon the death or remarriage of her daughter-in-law to sell the property, "and divide the proceeds thereof among said children, Hattie R., Sophia L., and Mary E., equally: provided, that if, at that time, any of such children be under twenty-one years of age, the share of such child shall be in the meantime invested, the income applied to her support, and the principal paid to her on arriving at age." By the sixth paragraph, she makes a specific devise of No. 373 Hancock street, in the city of Brooklyn, to her granddaughter Maria Martha Carr. By the seventh paragraph, she makes a specific devise of six lots in Cook county, Ill., and a specific bequest of certain mortgages held by her on property in Illinois and Colorado, to her seven grandchildren. By the fifth paragraph, she bequeaths to the Christian Woman's Board of Foreign Missions, connected with the Church of the Disciples of Christ of New York City, the sum of $1,000, which legacy was revoked by a codicil to the will; "to Mary D. Maddren and Arthur Maddren, children of my stepdaughter, Sarah L. Maddren, each the sum of five hundred dollars; to my beloved stepdaughter, Sarah L. Maddren, wife of Richard Maddren, one thousand dollars; to George R. Kramer, minister of the Church of the Blessed Hope, in Cumberland street, Brooklyn, three hundred dollars; and to my beloved niece Maria Walker, wife of James Walker, one hundred dollars." By the eighth paragraph, she gives, devises, and bequeaths her residuary estate to her granddaughter Maria Martha Carr.

Objections have been filed to the account of the executrix because she has failed to charge herself with certain assets contained in Schedule B of her account, but which have not yet been realized in cash. The account contains a sufficient statement that such assets have come into her hands, and the law will charge her with the same. The account shows a balance of cash in the hands of the executrix of $8,111.47, applicable to the legacies contained in the third and fifth paragraphs of the will; and Schedule B shows additional good assets in her hands amounting to about $6,000, although not yet collectible. It thus appears upon the face of the account that the executrix has about $14,000 of personal assets with which to pay her commissions, the legacy of $10,000 under the third paragraph of the will, and the legacies of $3,100 under the fifth paragraph of the will. The estate, therefore, upon the face of the account, would seem to be sufficient to pay all general legacies in full, including those bequeathed by the third and fifth paragraphs of the will; so that all questions which have been raised upon the assumption that the estate is insufficient to pay in full all such legacies thus become immaterial. But even assuming that the amount ultimately realized from the items contained in Schedule B of the account shall be less than the amount above stated, and the net personal assets in the hands of this executrix for distribution shall be inadequate to the payment in full of the legacies bequeathed by the third and fifth paragraphs of the will, I am of the opinion that the net personal assets, after the payment of debts, funeral expenses, expenses of administration, monument, and specific legacies, must be apportioned between the legatees under the third and fifth

paragraphs, and that the legacies bequeathed by each of these paragraphs must abate pro rata. The rule under which the executrix claims that the legacy bequeathed under the third paragraph should be treated as a preferred or specific legacy, and paid in full before the other general legacies are paid, has no application to the facts of this case. The rule is stated by Mullin, P. J., in Petrie v. Petrie, 7 Lans. 90, at page 97, as follows: "A legacy for education, like one for maintenance, must be paid in preference to the general legacies given by the will, if the assets are sufficient for the purpose." This is but a partial statement of the principle as established by English and American authorities, and lacks the important qualification that the beneficiaries are not otherwise provided for. In Scofield v. Adams, 12 Hun, 366, Boardman, J., at pages 369 and 370, more accurately states the principle involved, in the following language: "But there is another rule applicable to legacies, here invoked by the appellant, to wit, that legacies for maintenance and support of those standing in near relation to the testator, and more or less dependent upon his bounty, and otherwise unprovided for, do not abate with general legacies." And again, at page 370: "He was unprovided for, save by this legacy, which was declared to be 'for his comfort and benefit.'" In the case at bar the essential qualification, that the beneficiaries are "otherwise unprovided for," is entirely wanting. The will itself makes other and liberal provision for the same beneficiaries, by way of specific devises and bequests to them and for their benefit. All of the beneficiaries are of full age. Two of the children, Harriet R. and Sophia L., are married, and presumably not dependent upon this fund for their support and maintenance. In Bliven v. Seymour, 88 N. Y. 469, Judge Finch, at page 475, says: "And, though a general legacy may sometimes have a preference over other general legacies in the same will, it is only in certain recognized cases. Where it is given for the support and maintenance of a near relative, otherwise unprovided for (Scofield v. Adams, 12 Hun, 370), or for the education of such relative (Petrie v. Petrie, 7 Lans. 90), or where it is in lieu of dower, and so may be deemed a purchase price (Blower v. Morret, 2 Ves. Sr. 421), such general legacy has been granted a preference." Therefore in each case it is the intention of the testator as stated in his will which we must seek. I can find nothing either in the will, codicil, or surrounding circumstances which support the contention of the executrix. On the contrary, the very fact that by far the greater portion of the estate is disposed of by the testatrix by specific legacies and bequests leaves it to be fairly inferred that the testatrix intended that all other legacies should stand upon an equal footing, especially in view of the fact that it appears by the account that the personal property in the hands of the executrix is nearly, if not quite, sufficient to pay all legacies in full. Waters v. Collins, 3 Dem. Sur. 374. Let decree enter accordingly.

Decreed accordingly.