(32 Misc. Rep. 536.)

## In re HINMAN'S WILL.

(Surrogate's Court, Otsego County. October, 1900.)

WILLS—GENERAL LEGACIES—INSUFFICIENCY OF ASSETS—ABATEMENT OF LEGA-
CIES—RIGHT TO PREFERENCE.

Where a testator, whose estate was not sufficient to pay general lega-
cies in full, devised money in trust for the benefit of his brother, who
was in no way dependent on testator for support,—the money to be kept
invested, and the interest and so much of the principal as necessary paid
to the legatee for his support,—such legacy was not entitled to preference,
but must abate pro rata with the other legacies.

Proceedings for the final settlement of the accounts of the exec-
utor of the will of Henry L. Hinman, deceased.

James W. Tucker, for executor and trustee.
O. F. Lane, for a legatee.

ARNOLD, S. The will of the decedent gives to various persons
general legacies, amounting in the aggregate to almost $20,000. It
appears in this proceeding that the assets are insufficient to pay
these legacies in full. Upon the settlement of the decree, the ques-
tion arises whether the decree shall direct that all general legacies
shall abate pro rata, or whether the legacy given to Morris E. Hin-
man is entitled to be preferred. The provision for Morris E. Hin-
man is as follows:

"I give to George M. Jarvis, in trust for the benefit of my brother Morris E.
Hinman, the sum of $4,000, to be kept invested, and the interest; and, if that
is not sufficient, then so much of the principal as my trustee may deem neces-
sary to be used for the support of my said brother during his life."

The general rule is that where the assets prove insufficient to
pay the general legacies in full, and all the general legatees are vol-
unteers, the general legacies must abate proportionately inter se,
in the absence of an intent on the part of the testator to prefer one
general legacy to another. Under some circumstances the courts
have found an intention to prefer without express words on the part
of the testator. The leading case establishing this construction by
the courts is Lewin v. Lewin, 2 Ves. Sr. 415. In that case the exec-
utor was directed to pay an annuity to the wife for the maintenance
of a child. Lord Hardwicke declared that it was a strong case to
show that the annuity was intended to be preferred, especially in
view of the fact that it was a provision for a child otherwise unpro-
vided for. In New York the rule established in Lewin v. Lewin
seems to have been followed. In this state it has been held that
legacies for support and maintenance of wife and child, otherwise
unprovided for, do not abate with general legacies. Stewart v.
Chambers, 2 Sandf. Ch. 393. The principle has also been extended
to the analogous case of a bequest by a wife for the support of her
husband. Scofield v. Adams, 12 Hun, 366. The principle seems to
have been further extended to bequests for the maintenance of minors
who are near relatives of the decedent. Petrie v. Petrie, 7 Lans. 93.
The principle referred to seems to have been approved in Bliven
v. Seymour, 88 N. Y. 475, and in Re Chauncey, 119 N. Y. 84, 23 N. E.

448, 7 L. R. A. 361. But it would seem to be the prevailing opinion that the rule should not be further extended by mere construction. 3 Pom. Eq. Jur. 77; 2 Williams, Ex'rs (7th Am. Ed.) 661; Rop. Leg. (2d Am. Ed.) 422; Woerner, Adm'n, 988. A general legacy, given for a specific purpose, abates with other general legacies. Wetmore v. Institution (Sup.) 9 N. Y. Supp. 753.

In the case at bar, testator gives to his sister $4,000. He gives to his brother $4,000 in trust. From the will, I cannot find any intention to prefer the brother over the sister. It does not appear in any way that the brother was dependent upon the testator during his lifetime for his support and maintenance; nor does it appear that the relations of the testator to the brother were any closer or nearer than his relations to the sister. I therefore hold that the legacy given to George M. Jarvis, as trustee, must abate with the other general legacies. But the legacy to Lakewood Cemetery, providing for the care of lots of Louis Hinman and Henry L. Hinman, may be paid in full. Wood v. Vandenburgh, 6 Paige, 285. A decree may be entered accordingly. Decreed accordingly.