(36 Misc. Rep. 90.)

## BUDD v. HARDENBERGH.

(Supreme Court, Special Term, New York County.  October, 1901.)

1. EXECUTRIX—ACTION FOR ACCOUNTING.

Where an administrator has collected personal property and rents of his intestate, and has died without an accounting, and his executrix collects other rents, an heir and next of kin of the intestate may sue the executrix in behalf of all others similarly situated to compel an accounting, both in her individual and also in her representative capacity.

2. AMENDED COMPLAINT—DEMURRER.

A second amended complaint is not subject to demurrer on the ground that a prior amended complaint shows another action pending.

3. ACTION—MISJOINDER OF CAUSES.

A complaint in an action to compel a woman to account for moneys presumed by law to be in her possession is not demurrable for misjoinder of causes of action because it shows that she holds part of them as executrix and part as an individual.

Action by Margaret Budd against Elizabeth Hardenbergh.  Demurrer to amended complaint.  Demurrer overruled.

George Walton Green, for plaintiff.

Wetmore & Jenner, for defendant.

TRUAX, J.  The plaintiff is one of the heirs at law and next of kin of James B. Hardenbergh, deceased, suing in behalf of herself and all other persons similarly situated, and brings this action against the defendant individually and as executrix of John A. Hardenbergh, late administrator of said James B. Hardenbergh, deceased, for an accounting of the personal estate of said James B. Hardenbergh, deceased; for an accounting for the rentals of certain premises owned by said James B. Hardenbergh, deceased, which rentals were collected by said John A. Hardenbergh after the death of the said James B. Hardenbergh; and for an accounting for the rentals of said premises collected by the defendant since the death of the said John A. Hardenbergh.  The defendant demurs to the first cause of action on the ground that the next of kin of said James B. Hardenbergh, deceased, other than the plaintiff, are not made parties.  She also demurs to the second and third causes of action on the ground that the heirs at law of the said James B. Hardenbergh, deceased, other than the plaintiff, have not been made parties; and she further demurs on the ground that a prior amended complaint shows that another action for the same cause is now pending between the parties.  The defendant also demurs to the whole of the second amended complaint on the ground that there is an improper joinder of causes of action, not authorized by section 484 of the Code of Civil Procedure.  The demurrer that a prior amended complaint shows another action for the same cause between the same parties is not well taken.  Only the facts which appear on the pleading itself can be considered in determining the question whether the pleading is or is not demurrable.  I am of the opinion that the plaintiff may maintain this action, suing, as she does, for herself and for others similarly situated, when it appears, as it does in this case, that the others referred to are many

in number, and reside without the state of New York. It was held in McKenzie v. L'Amoureux, 11 Barb. 516, that an action may be brought by one or more of several legatees in behalf of themselves and others against the personal representatives of the testator and the residuary legatees and devisees for an account of the personal estate and of the debts, legacies, etc., and to have the real estate sold, and the proceeds, together with the personal estate, applied in payment of the debts and legacies. In that case it was also held that, when the question involved is one of common or general interest, the action may be brought by one or more for the benefit of all who have such common or general interest, without showing that the parties are very numerous, or that it would be impracticable to bring them all before the court. My attention has been called to Leavy v. Leavy, 22 Hun, 499, and Petrie v. Petrie, 7 Lans. 90, in which cases it was, in effect, held that in an action to compel an accounting all persons interested in obtaining an accounting must be made parties. It is to be noticed that in those cases it does not appear that the plaintiffs brought their actions in behalf of themselves and all other persons similarly situated, and for this reason those cases are not applicable to the present case. It is the duty of the executor to account without compulsion, and on the failure of an executor to do what he ought to do this court should not put unnecessary burdens upon persons who have been injured by the neglect of the executor. I am also of the opinion that there has been no improper joinder of causes of action. The subject of the action is the failure of the defendant to account for certain moneys which the law supposes to be in her possession. The fact that part of such moneys is in her possession as executrix and another part in her possession as an individual does not make two causes of action. The demurrer is overruled, with costs, with leave to defendant to withdraw demurrer and answer on payment of costs.

Demurrer overruled, with costs, with leave to defendant to withdraw and answer on payment of costs.