(Surrogate's Court, Dutchess County. January, 1904.)

1. LEGACIES—ABATEMENT.
　　Testatrix had informally adopted a child two years old, and supported him during his minority, and received his wages. She devised to him a specific legacy of the amount due on a bond and mortgage given by him on a house which he built to enable her to live with him and his wife, in which she lived for seven years, and where she was living when she made her will. *Held*, that the legacy was not subject to abatement.

In the matter of the judicial settlement of Elizabeth A. Brown, exec- utrix of Mary McKay. Decree of distribution entered.

Walter Farrington, for executrix.
George Wood, for legatee James B. McKay.
Charles F. Cossum, for legatees Barbara Jack and James Brown.

HOYSRADT, S. Mary McKay, late of Wappingers·Falls, in this county, in her will gave, first, to James McKay the amount due upon a bond and mortgage which she held against his property; secondly, to her sister-in-law Barbara Jack and to her nephew James Brown, both of Glasgow, Scotland, all money which she had on deposit in the savings bank. It appears from the accounts of the executrix that the mortgage referred to and the savings bank deposits were substantially all of the personal assets. The account also shows that debts aggregat- ing $1,231.73 have been paid by the executrix, or still remain unpaid, and the question is presented whether the mortgage bequeathed to James McKay shall be sold by the executrix, and the proceeds used, with the savings bank deposits, to discharge the liabilities of the estate.

Both are specific legacies, and ordinarily would be resorted to without discrimination; but James McKay claims that the relation of parent and child existed between the testatrix and himself, and that a construction of her will which would free his legacy from liability for the debts of the testatrix is warranted by the extrinsic facts and circumstances, and that such was her intention. James McKay, whose proper name was James Brown, was taken by Mary McKay and her husband, apparently as their own child, when he was but two years old, but without any legal form of adoption. They gave him their name, maintained and educated him. They brought him with them to Wappingers in 1866, and during his minority James gave his wages to Mary McKay. He married in 1881, and his father, the husband of Mary McKay, died in 1887. In 1895 James McKay built a house at Wappingers Falls, in which rooms were especially arranged for his mother, Mary McKay. James had not means sufficient to build the house, and she offered to let him have $2,000, and said they would all live together. As security for the loan, she took a mortgage of $2,000 on the property, which was preceded by a first mortgage of $1,500 held by the Wappingers Savings Bank. The principal of the second mortgage was reduced to $1,500. James McKay now has the custody of the mortgage papers, at the direction of the mortgagee, although no effort is made to prove a gift outside of the will.

The will of Mary McKay was executed August 30, 1900, when she was occupying apartments in the house of James McKay, built principally with her own funds. It may be reasonably deduced from the circumstances referred to, and the harmonious relations with her son and his family, that he would be the natural object of her bounty. If the question now presented to the court, of freeing her adopted son's legacy before bequeathing her actual money to a nonrelative and a nephew in a foreign country, had been then presented to her, there can be no reasonable inference that she would have failed to give him the full benefit of forgiving his debt. While the will is practically devoid of any expression which would lead to a solution of the question presented, I am convinced that a construction which will exempt the forgiveness of the son's debt from liability for debts of the testatrix is fully justified by the extrinsic facts and circumstances. There are no words or expressions in the will actually conveying such a meaning, but under some circumstances the courts have found an intention to prefer without express words on the part of the testator. In Lewin v. Lewin, 2 Ves. 415, the executor was directed to pay an annuity to the wife for the maintenance of a child, and this was held to have been intended as preferred, particularly as it was a provision for a child not otherwise provided for. In Scofield v. Adams, 12 Hun, 366, a testatrix gave her huband the use for life of certain articles, and the income of $5,000, with so much of the principal as should be necessary for his comfortable support, with the remainder over to other parties. This was followed by other general legacies far beyond the assets of the estate. It was held that the will should be construed in the light of the surroundings at the time the instrument was made, and that the legacy to the husband, although general, as were the other legacies, was not

subject to abatement. In Stewart v. Chambers, 2 Sandf. Ch. 382, the rule is laid down that legacies for the support of a wife and children not otherwise provided for do not abate with general legacies. In Petrie v. Petrie, 7 Lans. 97, it was held that a legacy for education, like one for maintenance, is to be preferred. This rule is also followed in Bliven v. Seymour, 88 N. Y. 469. The principles of construction favoring near relatives, dependents, and natural objects of bounty over collateral and non relatives is also applied in those cases involving intent to charge legacies upon real estate, for similar reasons set forth in the cases above cited. I can supply no reason why a legacy to a child for support, maintenance, or education should be any more entitled to preference over other legacies of the same class than the legacy to James McKay in the case at bar. The testatrix, in forgiveness of her son's debt, sought to discharge a lien upon the home which she had helped to establish, and had occupied conjointly with him for seven years, and derived much of the benefits emanating from her son's obligation. I think the rule may well be extended to the case at bar. The decree may provide that the debts be paid from the savings bank deposits, and that the legacy to James McKay is exempt from abatement.

Decreed accordingly.