essary, and, after proof of the signatures of the testator and the subscribing witnesses, as prima facie evidence of the facts certified by it. On examining the cases in this state, it will be found that many of them say that the attestation clause, with proof of the signatures of the testator and the witnesses, 'and other facts and circumstances' proved in the particular case, sufficed for the probate of the will; but from this the negative, that such clause and proof of signatures alone would not have made out a prima facie case, and upheld the probate, must not be drawn.   *   *   *   Though the cases are few in this state where the court was called upon to say and did say that the attestation clause with proof of the signatures was alone evidence of formal execution, or made out a prima facie case, an analysis of all the cases in this state will show that rule to be generally recognized; and there is abundance of authority for it elsewhere, in England and in our states."

See, also, cases cited on page 10 of 129 App. Div., page 213 of 113 N. Y. Supp.; Matter of Abel, 63 Misc. Rep. 169, 118 N. Y. Supp. 429.

With respect to the publication of a will, it has been held that no particular form of words is required; a substantial compliance with the requirements of the statute as to execution and attestation is sufficient. Lane v. Lane, 95 N. Y. 494; Matter of Beckett, 103 N. Y. 167, 8 N. E. 506; Matter of Hunt, 110 N. Y. 278, 18 N. E. 106.

Will admitted to probate. Formal findings may be presented with the decree.

Probate decreed.

---

(67 Misc. Rep. 38.)

## In re BEDFORD.

(Surrogate's Court, Kings County.   March, 1910.)

WILLS (§ 755*)—CONSTRUCTION—DEMONSTRATIVE LEGACY.

Testatrix gave to her infant children a house and lot, with a direction that from the money in bank mortgages against the house should be paid as soon after her death as possible. *Held* a demonstrative legacy of such money to the extent required to pay the mortgages, and where the fund was insufficient for the purpose, and there were no personal assets, after payment of the expenses of administration, the balance of the fund must be applied to the mortgages.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1947; Dec. Dig. § 755.*]

In the matter of the settlement of the account of William Bedford, executor. Decree rendered.

Coombs & Wilson, for executors.

C. Walter Randall, special guardian, for Beaumont infants.

William J. Bolger, special guardian, for Charles M. Beaumont and Charles Altenbrand.

KETCHAM, S. The will requiring construction was in part as follows:

"Second. I give and devise to my two youngest children, Joseph Beaumont and Benjamin Arthur Beaumont, my house and lot, No. 372 Graham avenue, Brooklyn, Kings county, to them, their heirs and assigns, forever, and I hereby appoint my said husband to be their guardian during their infancy,

and from the money which I have in bank to pay off the mortgages against my said house and lot as soon after my death as possible, and to pay all taxes and assessments which may hereafter be levied against the same and in consideration thereof and the guardianship of my said children Joseph and Benjamin, that he shall have the use of said house, rent free, during his lifetime."

This provision was followed by three general legacies of money and a gift of the residue to the husband. This will must be construed as containing a direction that the moneys in bank left by the testatrix at death should be applied to the extinction of the mortgages upon the devised lands. This constituted a demonstrative legacy to the persons named as devisees of such portion of the moneys in bank as might be required to satisfy the mortgages, or of the whole of such moneys, if they were less than the amount of the mortgages.

There being no personal estate other than the moneys thus demonstrated as the source from which the specific legacy was made payable, the expenses of administration were necessarily payable from the demonstrated fund, and the balance thereof should be applied to the purpose to which it was devoted by the testatrix. The lands having been sold, and the mortgages having been discharged from the proceeds of sale, this balance should now be paid to the guardians of the legatees.

Decree should be submitted accordingly.

---

(67 Misc. Rep. 40.)

### In re BOLLES et al.

(Surrogate's Court, Kings County. March, 1910.)

EXECUTORS AND ADMINISTRATORS (§ 495\*)—COMPENSATION—SALE OF PLEDGED SECURITIES.

   Where testator had pledged, before his death, certain securities for his debts, and they were sold by order of the executors, and the proceeds applied to the debts, and the surplus appropriated by the executors for the benefit of the estate, they are entitled to commissions on the gross proceeds of the sale.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2088–2116; Dec. Dig. § 495.\*]

In the matter of the settlement of the account of Frederick M. Bolles and the Morton Trust Company, as executors. Decree rendered.

Winthrop & Stimson (Albert W. Putnam, of counsel), for executors.

Roswell S. Nichols, for legatees.

Jacob I. Bergen, special guardian.

KETCHAM, S. The accounting executors found upon taking office that their testator had pledged certain securities, in one case to a bank to secure a loan made to him by the bank, and in another to a firm of stockbrokers to secure to them the repayment of sums advanced by them in the purchase of the securities on margin for his account. The executors directed the bank, as well as the brokers, to sell the

---