In the Matter of the Judicial Settlement of the Account of MARTHA ARMBRUSTER and EMMA UNGER, as Executrices, etc., of AMALIE SCHAAF, Deceased.

Surrogate's Court, Bronx County, February, 1923.

Wills — construction — bequests to a cemetery for care of tomb and to an attorney for services do not abate — bequest in trust for grandchildren subject to abatement — when gift to executors eo nomine does not vest in them individually — trust void by reason of indefiniteness — when interest on legacy in trust figured from one year after issuance of letters.

There is no positive rule for determining whether a particular legacy is to be paid in full or whether it is to abate. Each case depends upon a consideration of all the material provisions of the will and of the extrinsic circumstances which bear upon the question of intent.

A bequest to a cemetery association in trust to apply the income to the repair and preservation of decedent's tomb and the planting of trees, etc., is not subject to abatement.

A bequest of money to the attorney of the decedent and a similar bequest to a friend given in payment of services rendered must be paid in full, except as between themselves, though the assets are insufficient to pay all general legacies.

The sum of $26,000 was given to the executrices and trustees to be divided into six equal parts and to be held in trust for the use and benefit of six of the grand-

children of testatrix, and to be paid to them respectively as each arrived at the age of twenty-five years, with the right in the trustees to make advances in their discretion. In the event of the death of any grandchild before arriving at that age its share was to go to the surviving grandchildren unless such deceased grandchild left issue, in which event the share was given to such issue. The will did not indicate that said trust was to have preference over general legacies, unless in a direction that the trustees keep the trust fund invested and pay the income thereof " for and on account of the education and support of such grandchildren during their minority," or in the discretion of the trustees to allow such income to accumlate and add the same to the respective shares. *Held*, that the legacy in question was subject to abatement.

A bequest to the executrices and trustees, who are the two daughters of the testatrix, of the sum of $7,000 to be used and distributed by them as they may in their judgment deem fit, is an attempt to create a trust which is void for indefiniteness, and where immediately following such bequest all the net residue and remainder of the estate, real and personal, was devised and bequeathed to the same two daughters, by name, it is evident that the testatrix made some distinction between the two bequests.

Before a gift to executors and trustees *eo nomine* can be held to vest in them individually, the intention that it shall so vest must be plainly manifest.

As to the interest upon the trust fund for the benefit of the grandchildren, the decree will provide that the trustees take as income so much as was earned by the amount to which they were entitled as trustees, after abatement if necessary, from one year after the issuance of letters testamentary.

PROCEEDING to settle executors' accounts.

*William L. Allen*, for executors and trustees.

*William C. Stone*, special guardian for infant parties.

*George C. Goebel*, special guardian for objecting infant legatees.

*Charles A. Furthman*, for legatees.

*Fraser, Speir & Meyer*, for Woodlawn Cemetery, legatee.

SCHULZ, S. This matter comes before me upon the settlement of the decree, the special guardian for some of the infants having objected to the form thereof, after the disposition of objections theretofore filed to the account.

His objection to the inclusion of the name of Helen McDowell, as that of one of the infants for whom he was appointed special guardian, is well taken, and such name should be eliminated. The other objections which he urges to the decree in effect require a construction of the testamentary document of the decedent consisting of a will and codicil.

The first question requiring determination is whether all of the legacies therein provided for abate, if the estate is insufficient to pay them in full, and if all of them do not abate, which shall be paid in full. As to that question, I reach the following conclusions:

The bequest to the Woodlawn Cemetery in trust to apply the

income to the repair and preservation of the decedent's tomb, and the planting of trees, etc., is a provision similar to one made for the expenses of the decedent's funeral, and is not subject to abatement. *Wood* v. *Vandenburgh,* 6 Paige, 277, 285; *Matter of Hinman,* 32 Misc. Rep. 536; *Matter of Maverick,* 135 App. Div. 44; affd., 198 N. Y. 618; *Matter of Brundage,* 101 Misc. Rep. 528; affd., 186 App. Div. 722; modified in other respects, 226 N. Y. 691; *Matter of Meek,* 113 Misc. Rep. 301. The bequest of $1,000 to the attorney of the decedent and that of $300 to a friend, being given in payment of services, do not abate. Legacies founded upon a valuable consideration do not, except as between themselves, abate, but must be paid in full, though the assets are not sufficient to pay all the general legacies. *Wood* v. *Vandenburgh, supra; Matter of Woodbury,* 40 Misc. Rep. 143; *Richardson* v. *Richardson,* 145 App. Div. 540.

The remaining bequest as to which there is doubt is that in the sum of $26,000 given to the executrices and trustees to be divided into six equal parts and to be held in trust for the use and benefit of six of the decedent's grandchildren, and to be paid to them respectively as each arrives at the age of twenty-five years, the trustees having the right to make prior advances in their discretion. In the event of the death of any of such grandchildren before arriving at the age of twenty-five years, its share is to go to the surviving grandchildren unless such deceased grandchild leaves issue in which event the share is given to such issue.

The only theory on which it could be held that this bequest is free from possible abatement, would be under the law laid down in the cases holding that legacies for maintenance and support of those standing in near relationship to a testatrix and more or less dependent upon her bounty, and otherwise unprovided for, do not abate with general legacies. *Scofield* v. *Adams,* 12 Hun, 366; *Petrie* v. *Petrie,* 7 Lans. 90. There is, however, no positive rule for determining whether a particular legacy is to be paid in full or whether it is to abate. Each case depends upon a consideration of all of the material provisions of the will and of the extrinsic circumstances which bear upon the question of intent (*Pierrepont* v. *Edwards,* 25 N. Y. 128), and even legacies for support and maintenance are not free from abatement unless the legatees are otherwise unprovided for. *Matter of Hinman, supra; Matter of Carr,* 24 Misc. Rep. 143; *Petrie* v. *Petrie, supra; Waters* v. *Collins,* 3 Dem. 374; *Matter of Wenner,* 125 App. Div. 358; affd., 193 N. Y. 672; *Bliven* v. *Seymour,* 88 id. 469; *Stewart* v. *Chambers,* 2 Sandf. Ch. 382.

There is nothing in this will which indicates that the trust provision last adverted to was to be preferred over general legacies

unless it be a direction to the trustees to keep the trust fund invested and pay the income thereof " for and on account of the education and support of such grandchildren during their minority," or in their discretion to allow such income to accumulate and add the same to their respective shares. From these provisions and the one hereinbefore referred to, it appears that neither the principal nor the income was necessarily applicable to the support of the respective beneficiaries, if the executrices and trustees in their discretion decided otherwise, and that the latter had the right to pay advances out of the principal before the beneficiaries arrived at the age of twenty-five years, thus also negativing an intent that it, or the income from it, was necessarily to be used for their support and maintenance. Nor does the evidence which was introduced compel such a conclusion. The only facts testified to which might tend thereto are that the decedent for a certain period of time gave the mother of the grandchildren in question a regular monthly allowance and that one of the grandchildren lived with her for a period of about five years. But the payment of the regular allowance ceased in April, 1912; seven years before the decedent made her will and codicil, and the grandchild had left her in the year 1917, and a year thereafter was married, all before the execution of the will under consideration. It also appears that the mother of the grandchildren remarried in the year 1915 and that at the time of the death of the decedent, shortly after the making of her will, all of the grandchildren except the married daughter were living with their mother and two of them were working.

At the hearing a stipulation was entered into upon the record that in the year 1917 the decedent assigned to one of her daughters, being one of the executrices and trustees, a bond and mortgage in the sum of $26,000, and in the year 1919 she transferred bonds and mortgages aggregating a similar amount to the other of said two daughters as gifts to them respectively. This stipulation was made subject, however, to the objection by counsel, other than the special guardian, that the court may not consider the facts stipulated for the reason that they are incompetent, irrelevant and immaterial upon the questions involved. While the facts stipulated do not tend to explain any latent ambiguity or rebut a resulting trust and would, therefore, be inadmissible upon a construction of the will (*Reynolds* v. *Robinson*, 82 N. Y. 102; *Williams* v. *Freeman*, 83 id. 561; *Tierney* v. *Fitzpatrick*, 195 id. 433; *Matter of Pearsall*, 91 Misc. Rep. 212), they are extrinsic facts which it might be claimed throw some light upon the question as to whether an abatement of the legacies in favor of the grandchildren should take place, and hence I have disregarded the objection made thereto.

Under all of the circumstances, however, I do not find anything in the will, or codicil, or in the extrinsic circumstances which shows an intention on the part of the decedent to prefer the legacy in question over other legacies, and hence it follows that it is subject to abatement.

In the 7th paragraph of her will the decedent provides as follows: "I give and bequeath to my executrices and trustees hereinafter named the sum of $7,000, to be used and distributed by them as they may in their judgment deem fit," and it is urged that the decedent thereby attempted to create a trust which is void for indefiniteness. I agree with that contention. The argument that the legacy was made to the two daughters of the decedent who are the executrices and trustees absolutely, and that the words " to be used and distributed by them as they may in their judgment deem fit," are simply precatory, might have some force were it not for the fact that by the 8th paragraph of her will which immediately follows the provisions in question, the decedent gave, devised and bequeathed all the rest, residue and remainder of her estate, real and personal, to the same two daughters who were her executrices and trustees but named each one. It is evident that the decedent, in her mind, made some distinction between the $7,000 bequest and the bequest of the rest, residue and remainder; otherwise, she would have included the former in the latter and would also have used the names of the daughters instead of their legal designation as executrices and trustees. *Matter of Keenan,* 107 App. Div. 234; *Gross* v. *Moore,* 68 Hun, 412.

Before a gift to executors and trustees *eo nomine* can be held to vest in them individually, the intention that it shall so vest must be plainly manifest. *Christman* v. *Roesch,* 132 App. Div. 22; affd., 198 N. Y. 538, on opinion below; *Forster* v. *Winfield,* 142 N. Y. 327.

As to the question of interest upon the trust fund for the benefit of the grandchildren, which was raised by the objecting special guardian, the decree should provide that the trustees take as income so much as was earned by the amount to which they were entitled as trustees, after abatement if necessary, from one year after the issuance of letters testamentary. *Matter of Rutherfurd,* 196 N. Y. 311; *Matter of McGowan,* 124 id. 526; *Matter of Frankenheimer,* 130 App. Div. 454; affd., 195 N. Y. 346; *Matter of Juilliard,* 103 Misc. Rep. 178.

Redraft decree to conform to the foregoing and submit for signature.

Decreed accordingly.