In the Matter of the Estate of THOMAS F. SMALLMAN, Deceased.

Surrogate's Court, Kings County, March 3, 1931.

*Alvah W. Burlingame*, for the executors.

*John H. Donlan*, for Hulda Lundstedt, legatee.

*Simpson, Thacher & Bartlett* [*H. Clinton Corwin* of counsel], for Yale University, legatee.

*Cadwalader, Wickersham & Taft*, for Salvation Army, legatee.

*Charles H. McCarty*, for Jane C. Small, legatee.

*Edward J. McCrossin*, for St. John's Home, legatee.

*Esquirol & Esquirol* [*Quincy D. Baldwin* of counsel], for Ralph Smallman, legatee.

WINGATE, S.   The multiplicity of questions of abatement resulting from the inadequacy of estate assets to satisfy all legacies under a will is illustrated by the fact that in spite of the extended discussion of these questions raised upon the former hearing in this case (*Matter of Smallman*, 138 Misc. 889), an application has now been made to reopen it for the determination of an additional one.

At page 907 of its former opinion the court noted the holding " that a legacy conditioned on the relinquishment of some other subsisting right or interest, such as a debt, invests the legatee with the quality of a purchaser in the event of acceptance, and entitles him to preferential treatment as compared with other legatees."

The present application is made by one Andrew Biagini, both in his individual capacity and as executor under the will of his wife.   Both of them were legatees under Doctor Smallman's will. The legacy to the husband read: " *Ninth.* I give and bequeath to my brother-in-law, Andrew Biagini, the sum of Twenty-five hundred ($2,500) Dollars and direct if he predecease me, said sum shall be paid to his wife."   In paragraph " tenth " a similar legacy was given to the wife with the direction that in the event of her predecease, the sum should be paid to her husband.

The affidavits upon which this application is based allege in substance that the applicant and his wife were creditors of the decedent by reason of services performed at his request. A determination is sought that, in consequence, their legacies are entitled to preferential treatment.

Many of the material allegations of the affidavits respecting the relationship of the claimants to the deceased are denied in the replying affidavits. As a result, the matter would have to be set down for a hearing, if there were any possibility of a recovery by the claimants upon a determination of such issues of fact in their favor.

The question is, therefore, presented for determination, as to whether a general legacy to an individual, who chances to be a creditor of the decedent, is entitled to a preference if the words conferring the testamentary gift do not refer to the existence of the claim and base the gift thereon.

The cases in which preferences have been granted upon the basis of the existence of the relationship of debtor and creditor are comparatively few. *Wood* v. *Vandenburgh* (6 Paige, 277) refers to the matter at page 286, but the question here under consideration was not raised and received no attention from the court.

*Matter of Schaaf* (120 Misc. 292, 294); *Matter of Woodbury* (40 id. 143, 148), and *Matter of McKay* (5 id. 123, 126) all recognize that preferences to general legacies may be based on the relation of debtor and creditor, but in the first, the terms of the will do not appear, and in the latter two, references are by dictum only in connection with determinations that a wife takes a legacy expressly given in lieu of dower as a purchaser.

In *Cole* v. *Niles* (3 Hun, 326) there was an express direction in the will that the legacy should be accepted in satisfaction of a pre-existing debt, which fact was made the basis of the decision of the court (at p. 328) to the effect that by the gift of the legacy coupled with the condition the testator had placed a price upon it, acceptance of which by the legatee involved a relinquishment of his claim and furnished a valid consideration therefor.

· The entire theory of preference to the legatee in this regard is that he has become a purchaser by reason of the extinguishment of his pre-existing claim; otherwise stated, that he is put to an election between his subsisting claim against the estate and the benefit given by the will. No such condition prevails in respect to the legacies in question to Mr. Biagini and his wife. There is no incompatibility between their rights to take the benefits under the will and their recovery of claims for services against the estate. They would no more be put to an election between these rights

than would a wife to whom a general legacy was given, not expressed to be in lieu of dower, be put to an election between the testamentary benefit and her dower rights. (See *Matter of Fairchild*, 138 Misc. 363, and cases cited.) It is, of course, possible that if a claim for services rendered were made against the estate and it appeared that testator had agreed to recompense by will only, the recovery on such claim would be reduced to the extent that benefits were conferred by the will. (*Matter of Mason*, 134 Misc. 902, 915.)

No authority has been cited granting a preference in payment of a general legacy to a creditor where the relinquishment of the debt was not expressly made a condition of the legacy. For the reasons hereinbefore stated, the court is of the opinion that a preference cannot be implied in the absence of such provision. Since, therefore, petitioners could not succeed upon proof of the facts alleged in their affidavits, the applications are denied.

Proceed accordingly.