In the Matter of the Estate of ANGELA HOFFHER, Deceased.

Surrogate's Court, Monroe County, July 1, 1937.

*G. A. Van Alstyne,* for the executor.

*P. H. Donnelly,* for the legatee.

FEELY, S. This court is now asked to decide whether a specific legacy, or a general one, was created, or both, by the provisions o˙ the seventeenth paragraph of the last will of this testatrix, which reads thus:

" I give to my executor, hereinafter named, the sum of fifty-four hundred dollars ($5400.00) for the following purposes, to wit: To pay therefrom the mortgage held by the Home Savings Bank of Albany, New York, against the property of my sister, Juliana Rummel Kinnen, at 2220 East Main Street, Rochester, New York, and obtain the discharge thereof and record the same in Monroe County Clerk's Office;

" And that the balance then remaining of said fifty-four hundred dollars ($5400.00) I direct my executor to deposit in any Savings Bank or trust company and to pay therefrom to my said sister, Juliana Rummel Kinnen, the sum of fifty dollars ($50.00) per month until the whole amount of said balance remaining has been paid to her. In case of the death of my said sister, Juliana Rummel Kinnen, before the whole amount has been paid her, I direct that said balance remaining shall be paid to my residuary legatees."

Although these provisions impose trust duties on the executor, as on an implied trust, still there is no limitation to any specific part of the estate, but the language implies clearly that any of the general assets or personal property of this estate is to be available for the purpose intended; and in so far as there is any considerable period of time indicated for possible carriage of the funds for the purpose of the annuity, the form of investment in the meantime is clearly limited to a cash deposit in a savings bank or trust company. There is thus eliminated here those trust features which sometimes indicate that a demonstrative legacy was intended. (*Matter of Weldon* [unreported], in this court, and *Matter of Newton,* 148 Misc. 510.) To this extent only general features appear; but in respect of the direction to discharge a definite mortgage, as distinct from the annuity of fifty dollars per month, there are specific details given.

The direction to the executor to pay off forthwith a particular mortgage debt against a definitely described house and lot is

substantially the same as a direction to him to buy the mortgage debt and make a gift of it to the beneficiary in extinction thereof; with this peculiarity that here the beneficiary is not intrusted with the money so she herself could attend to the discharge, either because the testatrix thought she possibly might not so apply the money, or that others might get the money away from her, or probably because she wanted to assure herself that her sister would positively have a roof over her head that was free from a specific major lien; and she specifies also the location of the house by street number. Testatrix did not intend that this mortgage money, undefined as to amount, should in any event be put directly into her hands, so that her object was to discharge that particular lien against her home through the agency of her own executor, rather than give her the equivalent in value or the means of accomplishing her purpose. Moreover, if when the executor-trustee arrived at the bank to pay off the mortgage, he were told by the bank that the lady herself — without knowledge of the will — had already paid off the mortgage debt herself with her own money, no one would be likely to succeed in arguing then that the executor-trustee would be obliged to pay her in money a sum equal to what he would have had to pay the bank to discharge the mortgage if she had not previously done so herself, in the supposition. It is not so expressed in the will, which is the sole charter of the executor's power in the discharge of his trust duty.

So, in respect to this mortgage discharge, we find here some of the essential features of a " specific legacy," to wit, an intention to confer, although indirectly, a specific benefit, without any equivalent or alternative, to wit, the immediate extinction of a major lien on the home of testator's sister, specifically described by reference to bank and street number, in circumstances indicating she herself could not, in any event, demand the equivalent in value, if the purpose was impossible of attainment, nor demand the money itself wherewithal to accomplish the same purpose by her own hand or agencies, in case it could be accomplished.

This first portion of the seventeenth paragraph should be regarded as a specific legacy. In reaching that conclusion, there have not been overlooked the statements in the opinions to the effect that a legacy does not necessarily classify as a " specific " one merely because it was given for a specific purpose. In one of those cases the will gave to a named hospital the sum of $5,000 to endow a bed, to be called " Hope Bed," with power of nomination in a named person. There the purpose was not expressed clearly enough to constitute a condition in law, although morally, perhaps, it might be so regarded; moreover, the question was one of marshaling

assets and of the order of priority; none of which features appear in the facts of the case now in hand. It was there held that the fact that testatrix knew the $5,000 was necessary and if this legacy were abated her purpose could not be accomplished, does not justify a construction that because the legacy was given for a specific purpose it should be considered a specific legacy, rather than a general one, and consequently not abate proportionately with the other general legacies. (*Wetmore* v. *St. Luke's Hospital*, 56 Hun, 313, 320.)

However, in *Matter of Bedford* (67 Misc. 38) a house and lot were given to infant children with a direction that " from money which I have in bank " mortgages against the house and lot should be paid off. There were no other personal assets, and the fund in bank was insufficient; but it was applied to the payment of the mortgages, and to that extent the legacy was held to be a demonstrative one, as to the mortgagees; but as to the children it was held to be a specific legacy, that was subject only to administration expenses.

Now, as to the annuity of fifty dollars a month — these latter provisions of the seventeenth paragraph of this will could be satisfied out of any asset of this estate, and lacking any of the earmarks of a specific legacy, they constitute a general legacy (*Matter of Carr*, 24 Misc. 143; *Pierrepont* v. *Edwards*, 25 N. Y. 128); and in like cases, where in addition a source is indicated, such provisions have been held to constitute a demonstrative legacy only. (*Florence* v. *Sands*, 4 Redf. 206.)

These conclusions have been reached upon considering the language of the will above, which is free from any ambiguity, either in itself or in its possible application to the indicated facts; and for that reason extrinsic evidence of testator's intention would be inadmissible.

Let the decree of judicial settlement be in conformity with this decision construing the will.