ZEB. F. WETZELL et al., Respondents, *v.* WILLIAM B. DINSMORE, President, etc., Appellant.

Defendant's company received, at New York, for transportation to plaintiffs at St. L., one package, containing three gross or cases of " Shallenberger's pills," worth $113.50 per gross. The receipt or bill of lading contained a clause that the holder should not demand more than fifty dollars for any loss or damage, at which " the article forwarded " is valued, and which shall constitute the limit of the liability of the company. The three cases were each separately addressed to plaintiffs, and were then wrapped up with a proper cover, in a single package similarly addressed. But one of the cases reached plaintiffs. In an action to recover for the loss, *held,* that " the article forwarded " was the single package, and that plaintiffs were not entitled to recover fifty dollars upon each of the missing cases.

Had each case contained a different kind of drug, to defendant's knowledge, whether the same rule would apply, *quere.*

(Submitted June 20, 1873; decided September term, 1873.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, affirming a judgment in favor of plaintiffs, entered upon the decision of the court, upon trial without a jury.

This action was against defendant's company, the Adams Express Company, to recover for a loss of two cases of Shallenberger's pills, each containing a gross, intrusted to it as a common carrier for transportation.

The facts sufficiently appear in the opinion.

The court below held that plaintiff was entitled to recover fifty dollars for each of the boxes lost, with interest, and judgment was rendered accordingly.

*Charles M. Da Costa* for the appellant. The execution of the receipt by the company, concurrently with the receipt and delivery of the goods, constituted a special contract, which governs the rights of the parties to it. (*Maghee* v. *C. & A. R. R. Co.*, 45 N. Y., 514, 518; *Belger* v. *Dinsmore*, Com. Apps., Sept., 1872; *Nelson* v. *H. R. R. R. Co.*, 48 N. Y., 498.) Plaintiffs are bound by the "fifty dollar clause" in the bill of lading. (*Newstadt* v. *Adams Ex. Co.*, 5 Duer., 43; *Moriarty* v. *Harnden's Ex. Co.*, 1 Daly, 227; *Dorr* v. *N. J. S. Nav. Co.*, 1 Kern., 485; *Lawrence* v. *N. Y. P. & B. R. R. Co.*, 36 Conn., 65; Redf. on Car., § 64, note 11; *Van Toll* v. *S. E. R. R. Co.*, 12 C. B. [N. S.], 75; E. C. L. R., 104; *Marsh* v. *Horn*, 5 B. & C., 322; *Baxendale* v. *Great E. R. Co.*, L. R., 4 Q. B., 244; *Brehme* v. *Adams Ex. Co.*, 25 Md., 328; *Boorman* v. *Am. Ex. Co.*, 21 Wis., 152.) The "fifty dollar clause" applied to the package as an entirety, and not to each of the three cases it contained. (*Bernstein* v. *Baxendale*, 6 C. B. [N. S.], 251; *Baxendale* v. *Gt. E. R. R. Co.*, L. R., 4 Q. B., 244; *Henderson* v. *Lond. & N. W. R. R. Co.*, L. R., 5 Ex., 90; *Wyld* v. *Pickford*, 8 Meees. & Wels. 443.)

*Blanchard & Miller* for the respondents. Mere acceptance, by plaintiffs' porter, of the bill of lading, is not suffi-

cient to charge them with an assent to all its conditions. (*Nevins* v. *Bay State Co.*, 4 Bosw., 225; *Timburger* v. *Wescott*, 49 Barb., 283.) The defendant was liable for each one of the three cases in the package separately. (*Belger* v. *Dinsmore*, Com. of Apps., Sept. term, 1872.) If the meaning of the clause restricting defendant's liability be doubtful, the construction most favorable to the shipper will be adopted. (Broom's Leg. Max., 529; Phil. Ed., 1864, p. 398.)

REYNOLDS, C. On the 10th of October, 1865, the defendant's company received of Demas Barnes & Co., in New York, for transportation to the plaintiffs at St. Louis, one package, containing three gross or cases of Shallenberger's pills, of the value of $340.50, each gross or case being worth $113.50. The contract under which the transportation was undertaken had this provision, " nor in any event shall the holder hereof demand beyond the sum of fifty dollars, at which *the article forwarded* is hereby valued, unless otherwise herein expressed, or unless specially insured by them and so specified in this receipt, which insurance shall constitute the limits of the liability of the Adams Express Company." It is not questioned but that this contract was valid and binding on both parties. It appeared that only one of the three cases or boxes of pills reached the plaintiffs. When delivered to the express company, the three boxes were severally addressed to the plaintiffs, and were wrapped together in a single package by a paper cover, likewise addressed to the plaintiffs. It does not appear that the defendant was advised of the contents of the one package received for transportation, save what may be inferred from the receipt itself, that the package contained three cases or boxes of drugs, or how the three cases inclosed were addressed. We are not informed whether the twelve dozen pills in each of the three boxes were again confined in smaller separate parcels, or whether the 144 pills in each box were permitted to lay around loose.

In the court below the plaintiffs recovered upon a construction of the contract that applied the valuation of fifty dollars

to each of the three boxes confined in the single package received by the defendant for transportation. "The article" to be forwarded was agreed to be valued at fifty dollars, and consisted of 432 pills, all contained in one package, addressed to the plaintiffs. The interior of this package was subdivided into three boxes, and each of the three boxes was again subdivided into smaller parcels, or the 144 pills were confined only by the box, upon which the address of the plaintiffs was written. A single commodity was the subject of transportation; and it can hardly be said that each individual pill of the 432 in the package was valued at fifty dollars, but this may as well be said as that the contents of each of the three boxes, containing one-third of them, and all inclosed in a single package, was rated at that value. If three bushels of wheat in three separate bags, and all inclosed in one parcel, were delivered for transportation and "the article" to be forwarded valued at fifty dollars, it could not be fairly said that each one of the separate bushels of wheat was "the article" referred to, any more than it could be said that each kernel of wheat was agreed to be of that value. We think "the article" valued at fifty dollars was the single package received, in its entirety, and it seems to have been so adjudged. (*Wyld* v. *Pickford*, 8 Mees. & Welsb., 443; *Bernstien* v. *Baxendale*, 6 Com. B. [N. S.], 251; *Henderson* v. *The London & N. W. R. R. Co.* [Law Rep.], 5 Exch., 90; *Baxendale* v. *Great Eastern R. R. Co.* [Law Rep.], 4 Q. B., 244.)

If it had turned out that each of the three boxes had contained a different sort of drug, and that the defendant had knowledge of the fact, the case might have presented a different question. As it now stands we think the judgment below should be reversed, and new trial granted, costs to abide event.

All concur.

Judgment reversed.