(19 Misc. Rep. 34.)

### RAYMOND v. COWDREY.

(Supreme Court, Appellate Term, First Department. December 28, 1896.)

1. SALE TO WIFE—NECESSARIES—EVIDENCE.

One sued for $22.25, the price of a sofa cushion, a lamp, and a gown, sold to his wife, cannot complain of insufficiency of evidence that the goods were necessary, it being shown that he had an average income of $200 a month,

and he not having testified that they were not necessary, and having refused to disclose his wife's address to plaintiff, giving as a reason that he did not care to have her come to court and testify against him.

2. SAME—LIABILITY OF HUSBAND—PROVISION FOR WIFE.

    One who has separated from his wife, but has made her no allowance, cannot escape liability for necessaries sold her, on the ground that he had made provision for her; his testimony, uncontradicted, because he would not disclose his wife's address, being that he expended about $200 a month out of his monthly income of $260 for support of her and her children, and that he permitted her to order goods, but required them to be sent to his office with the bill, and, if he approved, he had them sent to her, and paid the bills, though he admitted that he had paid for goods which were purchased by her and not sent to him.

Appeal from Eleventh district court.

Action by James T. Raymond, as president of A. A. Vantine & Co., against Harry Cowdrey. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

J. Warren Lawton, for appellant.

S. B. M. Stokes, for respondent.

DALY, P. J. The goods for which this action was brought were ordered by the defendant's wife of A. A. Vantine & Co., and were sent to No. 73 Madison avenue, where she resided with her children. They were not extravagant in number or amount, consisting of a sofa cushion at $3, a lamp and globe at $5.75, and a breakfast gown and sash at $13.50. Her husband is a lawyer, in receipt of an average income of $260 per month. The justice was authorized by the evidence to find that the goods were suitable to the rank, station, and accustomed manner of living of the party. The wife was not called as a witness by the plaintiff to prove that the goods were necessary to her, and it is inferable from the evidence that her absence from the trial was due to the refusal of the defendant to disclose her address. When asked why he declined to give it, he replied that he did not care to have her come to the court and testify against him. If the plaintiffs were deprived by the defendant of the best evidence on the issue raised by his answer, to wit, the testimony of his wife, who ordered the goods, and who could explain whether they were necessary or not, he cannot complain that the fact in issue was not proved beyond a doubt; and the reason he assigned was substantially an admission that his wife would have testified in plaintiff's favor if she had been called. The defendant did not testify that the goods were not necessary, nor did he call any witness to give such evidence; and we may assume, therefore, that he could not dispute it.

The defendant's main contention was that he had made provision for his wife, as they were living apart. He does not make her an allowance. He visited her every week or ten days, but he states that conjugal relations have been discontinued. According to his story, he permits her to order goods, but requires them to be sent to his office with the bill, and, if he approves, he has them sent to her, and pays the bills; and that he expends about $200 per month for her

and her children's support. The justice was at liberty to credit this testimony or not, because it was the testimony of a party in interest, who was at the same time virtually suppressing the only evidence—that of his wife—which would corroborate or contradict him. But, even upon his own testimony it appears that he has paid for goods which were purchased by her, and not sent to him. The fact that the defendant permitted his wife to order goods, for which he paid, is evidence that he continued the agency which originally arose from the marital relation. He did not terminate it upon the alleged separation, because he did not make her an allowance, but permitted her to buy for herself what she deemed necessary. When he lives separate from his wife, he is relieved from responsibility for her purchases, if he has made adequate provision by pecuniary allowance for her support. Bloomingdale v. Brinckerhoff, 2 Misc. Rep. 49, 20 N. Y. Supp. 858; 9 Am. & Eng. Enc. Law, 830, and cases. If there be a separation by consent, and a specific sum settled upon the wife, which is reasonably sufficient for her necessities, then the husband is not liable for necessaries supplied her. 1 Pars. Cont. 360. In this case the defendant continued, in effect, the ordinary course of dealing, by permitting his wife to purchase on his credit, by allowing her to order goods to be sent to him, and he gave no notice of any limitation of her authority. "Where the fact of separation is not commonly known, or where, by occasional visits, the husband keeps up the appearance of cohabitation with his wife, he has generally been considered prima facie liable as before; though notice of an allowance is notice of his dissent to his wife's contract." Schouler, Dom. Rel. § 69. The rule seems to be that the husband, in case of voluntary separation, has an alternative: he may trust his wife with a sufficient allowance to spend for herself, or he must trust her to pledge his credit for what she deems necessary, and is necessary. If he trusts her with the money, he is not liable for her debts; if he trusts her to buy in his name, he is, because it may be presumed that she has the right to pledge his credit. Id. 68. The basis of either doctrine is his liability in one manner or another to suitably support her, and this liability, under some appropriate theory, whether of implied agency or otherwise, the law will enforce.

Judgment affirmed, with costs. All concur.