### CARLING v. CARLING.

(Supreme Court, Appellate Term. December 23, 1903.)

1. HUSBAND AND WIFE—SEPARATION—CONTRACT FOR SUPPORT—CONSTRUCTION.
   A contract made between a husband and wife in view of their existing separation, whereby he promises to pay to her or her assigns a stated monthly sum for her separate maintenance and support, is an attempted agreement between the spouses, though there is another party to the agreement, alluded to therein as a trustee, whose office is undefined, and whose only duty is an engagement to save harmless the husband from further support and from debts contracted by the wife.

2. SAME—DOMESTIC RELATIONS LAW—CONSTRUCTION.
   The right of the wife to support is not a property right, within the meaning of the domestic relations law (Laws 1896, p. 220, c. 272) § 21, granting a married woman the power of contracting in relation to her property as if she were unmarried.

3. SAME.
   A contract made between a husband and wife in view of their existing separation, whereby he promises to pay to her or her assigns a stated monthly sum for her separate maintenance and support, is not sanctioned by the domestic relations law (Laws 1896, p. 220, c. 272) § 21, granting a married woman the power of contracting in relation to her property as if she were unmarried, but providing that a husband and wife cannot contract to alter or dissolve the marriage or to relieve the husband from his liability to support the wife.

Appeal from Municipal Court, Borough of Manhattan, Third District.

¶ 3. See Husband and Wife, vol. 26, Cent. Dig. § 1046.

Action by Alice L. Carling against James L. Carling. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

James W. Osborne, for appellant.

William W. Cantwell, for respondent.

BISCHOFF, J. The action was by the wife against her husband to recover upon an alleged agreement in writing whereby, in terms, he promised to pay to his wife, or her assigns, a stated monthly sum for her separate maintenance and support, and from a judgment for the wife the husband has appealed. The instrument recites, and the fact was conceded upon the trial, that the alleged agreement was made in view of the existing separation of husband and wife; hence no rule of public policy was contravened. Greenhood on Public Policy, p. 484; Galusha v. Galusha, 116 N. Y. 635, 22 N. E. 1114, 6 L. R. A. 487, 15 Am. St. Rep. 453; Clark v. Fosdick, 118 N. Y. 7, 22 N. E. 1111, 6 L. R. A. 132, 16 Am. St. Rep. 733; Duryea v. Bliven, 122 N. Y. 567, 25 N. E. 908. This, however, does not preclude the question whether the court below had before it any agreement upon which a recovery was authorized.

The writing does not purport to be the usual tripartite agreement between the spouses and a third person, whereby the husband promises to pay to the latter a stated periodical sum to be applied towards the wife's support. True, Marrion S. Kennedy is a party to the alleged agreement, and is therein alluded to as "a trustee"; but, aside from her engagement to save the husband harmless from further support and from debts contracted by the wife, her office is wholly undefined. The instrument, therefore, was essentially an attempted agreement between the spouses, the husband's promise being to pay to the wife "or her assigns," and not otherwise, and upon this theory only could the plaintiff have proceeded when she sought to recover in her own right, and in a tribunal which, because it was without equity powers, could not recognize the duality of husband and wife in respect to the subject-matter of the purported agreement. At common law husband and wife were unitas personarum, and therefore prevented from contracting inter sese for any purpose (White v. Wager, 25 N. Y. 328), and, unless this disability has been removed by the domestic relations law (Laws 1896, p. 215, c. 272), the instrument under discussion was not an agreement, the constituent element, "parties," being absent.

Regarded in law as one person, neither the husband nor the wife could be promisor or promisee, and, if the duality of the spouses be urged for equitable consideration, it could be only to deny the jurisdiction of the court below to proceed in the action. Lawrence v. Lawrence, 32 Misc. Rep. 503, 66 N. Y. Supp. 393.

The domestic relations law (section 21, p. 220) provides as follows:

"A married woman has all the rights in respect to property, real and personal, and the acquisition, use, enjoyment and disposition thereof, and to make contracts in respect thereto with any person, including her husband, and to carry on any business, trade or occupation, and to exercise all

powers, and enjoy all rights in respect thereto, and in respect to her contracts, and be liable on such contracts, as if she were unmarried; but a husband and wife cannot contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife."

Plainly, this operated only to remove the contractual disability of the spouses, inter sese, so as to permit of contracts in respect to property, real and personal, which the wife has or may acquire, and such trade, business, or occupation as she may engage in. The husband's duty of support is to support his wife adequately if she be without means, or without sufficient means. It is not satisfied by merely making some provision towards her support, and in no case can this duty be said to constitute a property right in the wife. It does not depend upon, and cannot be regulated or controlled by, the marriage contract, but attaches to, and arises from, the status of marriage which is created or entered into by means of the contract. The duty attaches to a condition which the parties may voluntarily assume, but the duty is integrally a part of that condition.

It is no more the wife's property, to be relinquished or exacted at her volition, than is a parent's duty to support his minor child the property of the latter. It is dictated by the needs of social protection, and is among the duties imposed by the state or body politic in perpetuation of its autonomy, and in the exercise of its sovereign right of self-preservation. The means of redress may be afforded if these duties are neglected, but no attempted abandonment of them by the persons who will derive immediate benefit from their performance can impair the right of the state or body politic to insist upon and to enforce their observance. No rule of statutory construction can operate to enlarge the scope of the domestic relations law. Poillon v. Poillon, 49 App. Div. 341, 63 N. Y. Supp. 301. The proviso that "a husband and wife cannot contract to alter or dissolve the marriage, or to relieve the husband from his liability to support his wife," is preceded by no general enactment, the scope of the preceding enactment being expressly limited to the property of the wife, real and personal, and such trade, business, or occupation as she may engage in. Upon no logical theory, therefore, can the proviso be given the effect of extending legislative intention by implication, and the enacting clause be held to include more than is within the obvious meaning of its language. 23 Am. & Eng. Ency. of Law (1st Ed.) p. 437; Tinkham v. Tapscott, 17 N. Y. 152.

It seems strained and tortured to say that the state or body politic intended by implication to renounce that which is of the essence of its existence, and which, therefore, it was its vital policy to preserve. The purport of the proviso should be deemed to have been no more than the legislature's declaration of the state's intention to maintain the marriage status, and the husband's obligation to support his wife, as theretofore, free from all contractual control of the spouses. It is specious only to say that an agreement between husband and wife, whereby the former makes some provision for her support, is not an agreement to relieve the husband from his liability, but one in furtherance of it; that it is not within the inhibition of the proviso, and that it is therefore sanctioned. The husband's duty is to support his wife

adequately, and any agreement between husband and wife which undertakes to limit the former's liability to a specific provision to that extent, at least, tends to relieve him in that respect, since, if the agreement is held to be operative, its effect would be to preclude all inquiry into the sufficiency of the provision.

Our conclusion is that the attempted agreement between the parties to this action was not sanctioned by the domestic relations law, and the judgment should therefore be reversed, and the complaint dismissed, with costs. All ·concur.