## REARDON v. WOERNER.

(Supreme Court, Appellate Division, Second Department.  March 2, 1906.)

HUSBAND AND WIFE—SEPARATION AGREEMENTS—VALIDITY—STATUTORY PROVISION.

Domestic Relations Law, Laws 1896, p. 220, c. 272, § 21, providing that a husband and wife cannot contract to alter or dissolve the marriage, or to relieve the husband from his liability to support her, does not render illegal a contract whereby the husband agrees to pay a certain sum per week to a trustee for the support of his wife, and the trustee and the wife agree to save him harmless from any other liability for her support.

Appeal from Municipal Court of New York.

Action by Susan E. Reardon, as trustee of Irene J. Woerner and another, against Charles H. Woerner.  From a judgment overruling a demurrer to the complaint, defendant appeals.  Affirmed.

This was an action in the Municipal Court of the city of New York to recover installments which had become due on a contract by the defendant for the support of his wife.

The contract was made in 1904 after the separation of the husband and wife, and is the usual one through the intervention of a trustee for the wife.  The husband agrees to pay $10 a week to the trustee for the support of his wife, and the trustee and the wife agree to save him harmless from any other claim or liability for the support of his wife.

The defendant demurred, first, on the ground that the complaint did not state facts sufficient to constitute a cause of action, second, that the court had no jurisdiction of the subject-matter of the action.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

Joab H. Banton, for appellant.
W. Coleman Hughes, for respondent.

GAYNOR, J.  It is too well known among us that such a contract has long been held to be valid to call for the citation of authority.

It has of late been held, however, in the case of Carling v. Carling, 42 Misc. Rep. 492, 86 N. Y. 46, that the provision at the end of section 21 of the domestic relations law (chapter 272, p. 220, Laws 1896) that "a husband and wife cannot contract to alter or dissolve the marriage, or to relieve the husband from his liability to support his wife," changes the law and makes such a contract illegal, in that it may secure to a wife less than she might be able to get by going to law, and relieve the husband of his liability to that extent.  I do not see how we can acquiesce in this view.  Substantially the same provision is to be found in chapter 594, p. 1139, of the Laws of 1892, which amends the act of 1884 (chapter 381, p. 465, Laws 1884) in relation to the rights

and liabilities of married women, and such an effect was never claimed for it. It is quite manifest that the Legislature had no such intention.

The contention that only a suit in equity, and not an action at law, can arise upon the contract, and that the court below was without jurisdiction inasmuch as it has no jurisdiction of suits in equity, has no foundation.

The judgment is affirmed, with costs. All concur.