Matter of the Estate of HENRIETTA OBST, Deceased.

(Surrogate's Court, New York County, December, 1920.)

*Executors and administrators — accounting. — abatement of legacies — specific legacy preferred — interest on trust fund to be set up from sale of lands dates from the time within which sale was directed to be made.*

PROCEEDINGS upon the accounting of an executor.

Solinger & Solinger, for executors.

Hamilton & Freeman, for objectant Marietta Kerns.

Paul H. Burns, special guardian.

Harold Swain, for Title Guarantee and Trust Company.

FOLEY, S. The twenty-six legacies bequeathed by the testatrix in paragraph twelve of her will payable out of the proceeds of the sale of the real and personal estate are all in the same class. The proceeds of the sale of the real estate are insufficient to enable the executor to make payment of these legacies in full, and accordingly they must abate ratably amongst themselves. The legacy of the income on $3,000 in trust for the benefit of Marietta Kerns, the widow of the deceased son of the testatrix, is a specific legacy. *Matter of Matthews,* 122 App. Div. 605. It also partakes of the nature of a demonstrative legacy, being payable out of a specified fund. *Crawford* v. *McCarthy,* 159 N. Y. 514. In either case it is entitled to a preference. The daughter-in-law resided with the testatrix, and appears to have been a special object of her bounty. No other provision was made for her. The codicil contains a clear and unequivocal expression of the testatrix's intention to prefer this legacy to the widow of her son over any of the others. *Matter of Lloyd,* 166 App. Div. 1. This legacy should therefore be paid in full.

The trustees were directed to set up this trust out of the proceeds of the sale of the two houses and to make the sale within three years after the death of the testatrix, and payment of the legacies was postponed until that time. Interest should therefore be paid to Marietta Kerns from a day three years after the death of the testatrix. No objection has been

made to the executor withholding the real estate from sale for a longer period, but it should not deprive this legatee of income from the day designated in the will. As the money in the hands of the executor is insufficient to pay the legacies in full, no interest can be allowed on the other legacies.

Ordered accordingly.