THEODORE MICHAELS, Respondent, *v.* CHARLES FLACH, as Sole Executor, etc., of CHRISTOPHER KIENZLE, Deceased, Appellant.

Second Department, June 27, 1921.

Executors and administrators — Supreme Court has jurisdiction of action on claim against decedent — Surrogate's Court does not have exclusive jurisdiction — parent and child — estate of father liable to third person for necessaries furnished child — separation agreement no defense for necessaries furnished after death of mother.

The Supreme Court has jurisdiction of an action against an executor on a claim against the testator which was presented to the executor but neither rejected nor accepted and approved.

The Surrogate's Court does not have exclusive jurisdiction over such a cause of action.

The estate of a father is liable for necessaries furnished by a third person to his minor child prior to the father's death, and a separation agreement between the father and the mother providing for a pecuniary allowance for the support of the mother and child is no defense to the action for necessaries furnished after the death of the mother leaving no property.

APPEAL by the defendant, Charles Flach, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 16th day of February, 1921, on the decision of the court rendered after a trial at the Kings Trial Term without a jury.

The action is brought by the plaintiff, who is uncle to John C. Kienzle, the infant son of defendant's testator, to recover moneys expended in necessaries for the infant. On May 31, 1904, the testator and his wife, Evelyn, now deceased, entered into articles of separation, wherein the wife, in consideration of a sum of money, released her husband, defendant's testator, from all claims for the support and maintenance of herself and child during her lifetime. The parties separated, the wife taking the infant, then about two years of age, with her. The wife died on November 9, 1911, leaving no estate or property, and from that time the plaintiff has maintained and educated the infant. The defendant's testator never communicated with his wife nor inquired about

his son from the time of the separation. After the death of the mother the plaintiff made diligent but fruitless efforts to locate the father.

The defendant's testator died on December 29, 1917. On June 14, 1919, plaintiff duly filed with the defendant a verified claim for $2,218 for the board, maintenance and education of the minor son. The defendant neither rejected nor accepted and approved the claim, and this action was brought to recover the amount on January 3, 1920.

*Louis J. Halbert,* for the appellant.

*Patrick J. O'Beirne,* for the respondent.

BLACKMAR, P. J.:

It is argued by the appellant that the Surrogate's Court had exclusive jurisdiction over the cause of action. With this we cannot agree. The general jurisdiction in the Supreme Court, secured to it by article 6, section 1, of the Constitution, is not affected by the legislation regulating practice in the Surrogate's Court. The only effect of these statutes upon the right to maintain an action in a court of general jurisdiction upon a claim against a decedent's estate is to prescribe a short Statute of Limitations in case a claim is presented and rejected, or in case an objection to the allowance of a claim by the representative is sustained by the surrogate. (Code Civ. Proc. §§ 2680, 2681.) In the last analysis the jurisdiction conferred on the surrogate by subdivision 4 of section 2510 of the Code of Civil Procedure is exercised only by consent of the claimant. In case a claim is made and rejected or is allowed by the representative, and an objection thereto sustained by the surrogate, the jurisdiction of the Surrogate's Court to determine the claim upon the judicial settlement of the accounts of the executor or administrator depends on the forbearance of the claimant to bring an action within the time limited therefor by section 2681. This forbearance is equivalent to a consent that the claim be adjudicated by the Surrogate's Court.

Neither the amount of the plaintiff's claim nor that the claim was for necessaries was disputed at the trial or on this appeal. The law of this State on the subject of the parent's

liability for necessaries is stated by the Court of Errors in *Van Valkinburgh* v. *Watson* (13 Johns. 480) as follows: " A parent is under a natural obligation to furnish necessaries for his infant children; and if the parent neglect that duty, any other person who supplies such necessaries is deemed to have conferred a benefit on the delinquent parent, for which the law raises an implied promise to pay on the part of the parent." (*De Brauwere* v. *De Brauwere*, 203 N. Y. 460.) The record abundantly shows that the parent has neglected the duty. The agreement with the wife did not relieve him from the duty. The pecuniary allowance which he made in the articles of separation may have been evidence of what he did toward performance; but even that ended with the death of the wife leaving no property. From that time the duty existed unimpaired, and nothing was done by the testator toward discharging it. In other words, the duty was neglected, and under the doctrine above set forth the law raises an implied promise to reimburse the plaintiff, who supplied the necessaries.

The judgment should be affirmed, with costs.

Present — BLACKMAR, P. J., RICH, KELLY, JAYCOX and MANNING, JJ.

Judgment unanimously affirmed, with costs.