LUDWIG VON ROEDER, Appellant, *v.* PAUL A. MILLER, Respondent.

(Supreme Court, Appellate Term, First Department, October Term — Filed November, 1921.)

Parent and child — liability of parent for necessaries — separation agreement not a defense to recovery for medical attendance to infant child — Penal Law, § 482(1).

Both at common law and under section 482(1) of the Penal Law a father is liable for necessaries furnished to his infant child.

In case the parent neglects his duty in that regard any other person who supplies such necessaries is deemed to have conferred a benefit on the delinquent parent, for which the law implies a promise on his part to pay.

A separation agreement binds only the parties thereto, and is not a defense to an action brought against the husband to recover the reasonable value of necessary medical attendance rendered to his infant child, though the plaintiff was aware

that defendant and his wife were living separately and apart under agreement, and a judgment dismissing the complaint upon the merits will be reversed, and judgment ordered in favor of the plaintiff for the full amount claimed, with costs.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, dismissing the complaint upon the merits.

Samuel D. Lasky, for appellant.

Omri F. Hibbard (David Leavenworth, of counsel), for respondent.

WAGNER, J. The action was brought by the plaintiff, a physician, to recover of defendant, the father of a minor, the reasonable value of his services rendered to defendant's child. The defendant, admitting the rendition of the services and their reasonable value, set up as a defense a separation agreement between the defendant and the mother of the child, and his due observance of its terms, and contended by reason of said agreement and his compliance therewith the plaintiff was not entitled to a recovery.

The case was submitted to the trial justice upon an agreed statement of facts, namely: that the services were necessary, and the amount sued for the reasonable value thereof; that the defendant and his wife were living separately and apart under agreement; that the plaintiff knew they were so living apart, but had no knowledge of the agreement's terms and stipulations; and that the defendant paid regularly the installment for support and maintenance therein provided.

From a judgment in favor of the defendant dismissing the complaint upon the merits, the plaintiff has appealed. That the liability of the father for the

furnishing of necessaries to an infant child is a primary one, is well settled. *Cromwell* v. *Benjamin,* 41 Barb. 558; *People* v. *Rubens,* 92 N. Y. Supp. 121. Not alone was the obligation existent at common law, but it has found concrete expression in the statutes of this state. Penal Law, § 482, subd. 1. The obligation is a natural one and if the parent neglects the duty, any other person who supplies such necessaries is deemed to have conferred a benefit on the delinquent parent, for which the implied promise is raised in law to pay on the parent's part. *DeBrauwere* v. *DeBrauwere,* 203 N. Y. 460; *Van Valkinburgh* v. *Watson,* 13 Johns. 480.

We think it undoubted that under no circumstances can such a parent by mere agreement with a third person (in this case the mother perforce a separation agreement) discharge his liability for the primary obligation to supply necessaries to his infant children fixed by the law. The separation agreement itself may be valid and not in conflict with the provisions of the Domestic Relations Law forbidding a husband relieving himself from his liability to support his wife. *Carling* v. *Carling,* 42 Misc. Rep. 492; *Reardon* v. *Woerner,* 111 App. Div. 259; *Winter* v. *Winter,* 191 N. Y. 462. But its effect as to limitation of liability ends with the person whose consent gave it validity. The agreement itself is binding only upon those whose volition and execution gave it birth. In nowise can it diminish the liability of the parent to infant children who were not and could not become parties thereto. By contracting with his wife he was unable to discharge his own obligation to his child. That remained unimpaired notwithstanding the wife's consent to accept a stated sum in lieu of periodical payments or a fixed sum payable in instalments. *Michaels* v. *Flach,* 189 N. Y. Supp. 908; *Plaster* v. *Plaster,* 47 Ill. 290.

It is true, as counsel urges from the line of cases of which *Raymond* v. *Cowdrey,* 19 Misc. Rep. 34, and *Bloomingdale* v. *Brinckerhoff,* 2 id. 49, are types, that the presumption that the wife is authorized to pledge the husband's credit ceases where they are living apart, but in each of those cases the articles furnished were for the use of the wife and the question of liability turned on whether the husband had provided adequate means for her support and no question of liability for necessaries furnished to infant children was involved.

The judgment of the court below is reversed, with thirty dollars costs, and judgment is ordered for the plaintiff, with costs.

GUY and BIJUR, JJ., concur.

Judgment reversed.