In the Matter of the Final Judicial Settlement of the Account of Proceedings of GUSTAVE A. NELSON, as Sole Acting Executor of GEORGE E. NEIL, Deceased.

JAMES N. FLEMING and Another, as Executors, etc., of MYRA J. NEIL, Deceased, Appellants; FLORENCE NEIL and Others, by JOSEPH E. MERRIAM, Their Special Guardian, Respondents.

Second Department, May 24, 1923.

Wills — construction — preference of bequest to minor children over other general legacies — legacies to minor children entitled to preference if children are not otherwise provided for — children were otherwise provided for by separation agreement between testator and wife — court will not consider question of adequacy of other provision for children.

In case the estate of a testator is not sufficient to pay all general legacies in full then each legacy must abate proportionately except that a legacy to the children of the testator will be preferred unless they are otherwise provided for. This exception exists, not because such children are entitled legally or equitably to such preference, but because the law presumes that to have been the testator's intention. If, however, other provision is made no such intent is presumed, and the legacy will abate.

In this case minor children of the testator, whose estate was not sufficient to pay the general legacies in full, were otherwise provided for and their legacies must abate proportionately, since it appears that the testator and his wife entered into a separation agreement under which a trust fund was set up by the testator to provide for the support and maintenance of his wife and children and the wife agreed that she would support and educate and provide for the proper needs of the children.

Where there has been other provision for minor children the court will not consider the question or determine whether or not such provision is adequate, sufficient or reasonable.

MANNING and KAPPER, JJ., dissent.

APPEAL by James N. Fleming and another, as executors, etc., from so much of a decree of the Surrogate's Court of the county of Westchester, entered in the office of said Surrogate's Court on the 24th day of February, 1922, as orders and decrees that a certain legacy of $50,000 provided in the fourth and fifth paragraphs of the will of George E. Neil, deceased, is entitled to a preference over all other pecuniary legacies specified in the will.

*Daniel S. Remsen,* for the appellants.

*Harrison T. Slosson* [*Joseph E. Merriam,* special guardian, with him on the brief], for the respondents.

YOUNG, J.:

A single question of law is presented by this appeal, and that is whether, under the fourth and fifth paragraphs of the will of George E. Neil, deceased, his children are entitled to a

Second Department, May, 1923. [Vol. 205

preference over all other general legacies in the will. The total legacies amount to $120,000. The net estate, however, amounts to less than $50,000, and it is this contingency which respondents contend justified the surrogate in making the decree.

The claim of the appellants is that the legacy for the children is a " general " one, and as such it must abate *pro rata* with the other legacies unless a preference was given by the testator. The respondent special guardian, on behalf of the testator's children, claims that such preference was clearly the intent of the testator when he framed the will; and that the legacy in their favor being for the " use and education " of these children, the testator is presumed to have intended to create a preference in their favor.

On behalf of the appellants, the executors of the testator's mother, it is claimed that (1) as the testator had *otherwise provided* for the support and maintenance (including education) of the children, such a presumption does not arise, and (2) that as the testator had otherwise made what he considered and defined as " adequate provision," the court will not undertake to determine whether or not it was sufficient.

George E. Neil, a resident of Westchester county, died in 1917, leaving a last will and testament which was duly admitted to probate by the surrogate of Westchester county on February 4, 1918. Letters testamentary were issued thereon to Gustave A. Nelson and Harry N. Steinfeld. Steinfeld, however, was subsequently removed, and Gustave A. Nelson is now acting as the sole executor of this will. The will provides in the fourth and fifth paragraphs, after payment of debts and the bequest of a legacy of $10,000 to his brother and a legacy of $10,000 to Margaret Spitz, with whom he was living at the time of his death, as follows:

" *Fourth.* I give, devise and bequeath unto my executors the sum of Fifty thousand ($50,000) dollars in trust nevertheless to invest the sum and keep the same invested and to receive the incomes thereof and pay the same for the use and education of my three children, George E. Neil, Jr., Helen Neil and Florence Neil, and if the income of the above trust fund is not used for the education of my said children, then the same is to accumulate and added to the principle.

" *Fifth.* The principle of the above said trust fund is to be divided equally amongst the three children when they have attained the age of twenty-five (25) years."

Then follows a trust for Myra J. Neil, the mother of the deceased, who died after the making of the decree and before the expiration of the time within which to appeal therefrom, and whose executors by permission are the present appellants. The residue of

the estate, after the payment of legacies, is given to the children in trust.

At the time of his death the decedent left him surviving his widow, Corinne L. Neil, and three minor children. The ages of the children, in 1918, were eight, thirteen and fifteen, respectively. Differences had arisen between the deceased and his wife, and on June 17, 1916, a separation agreement was entered into between them. This agreement recites, among other things, the desire of the testator to provide for the support and maintenance of his wife and children, and sets up a trust fund of $25,000 to provide for an annual income of $2,500 for that purpose; and also the use to the wife of the family home in East Orange, N. J. In case of the death of the wife during the minority of the children, the income was to go to the testator; and if the wife abandoned the home, the reversionary interest therein of the testator should immediately come into effect.

The present proceeding was commenced in June, 1920, by Nelson, the sole acting executor, praying for the judicial settlement of his accounts, and thereupon citations were issued to the various next of kin, legatees and creditors. On the return of this citation the surrogate appointed the special guardian to the infants, Joseph E. Merriam, and on or about October 14, 1920, he filed objections to the account and among other things prayed for the construction of the testator's will. Myra J. Neil, the mother of the testator, appeared in the proceeding individually and as executrix of the will of Charles F. Neil, and filed objections to the account, but these objections were withdrawn prior to the entry of the decree. The hearing on the objections and the demand of the special guardian for the construction of the will was brought on before the surrogate on November 4, 1921; and thereafter the said Myra J. Neil filed exceptions to the decision of the surrogate directing the entry of the decree providing for the preference, over the other pecuniary legacies, of the $50,000 legacy to the children. She died, however, before the time to appeal had expired, leaving a will of which James N. Fleming and Lucius R. Landfear are executors, and who obtained permission to continue the appeal, and they are the only appellants now before the court, it being stated in the record that all of the other parties named and cited in the account have ceased to be interested, as their respective claims have been paid, as provided in the decree, and no appeal therefrom has been taken.

The learned surrogate has held in substance that the legacy in question has a preference for two reasons: (1) That while a legacy will abate where the legatees are otherwise provided for, the " other provision " in this case is neither sufficient nor reason-

able, and consequently they are not provided for; and (2) that the education of these children is not " otherwise provided for " by the separation agreement and that the trust in the will for that purpose should, therefore, be preferred. (*Matter of Neil*, 117 Misc. Rep. 507.)

I cannot agree with these conclusions. As to the latter, the wife by the agreement does " covenant, promise and agree that she will support and educate, and provide for the proper needs of the three infant children of the parties." Reading this clause in connection with the earlier provision for the support and maintenance of testator's wife and children and considering the agreement as a whole, and its true intent and spirit, a clear purpose is shown to provide for the education of the children as well as for their support. Definitions by learned lexicographers of the words " support " and " maintenance " cannot alter this result. We cannot take a single expression from this agreement and ignore the remainder.

The learned surrogate further urges that by this agreement of his wife, testator could not rid himself of the obligation cast upon him by the State to support, maintain and educate his children. Assuredly not, and upon the wife's default this agreement would be no answer to an application made in behalf of the children (in testator's lifetime) to compel such support and education. I doubt, however, if the provision made in the separation agreement would be held inadequate in a proceeding to compel such support. But I do not understand that the court may compel a father to provide in his will such amount as the court in its judgment considers proper or adequate for that purpose.

I deem it reasonably clear, therefore, that the education of these children was " otherwise provided for."

The remaining question is, whether the expression " otherwise provided for " in the exception to the general rule of abatement means, as insisted by the learned surrogate, " adequate," " sufficient " or " reasonable " provision. I think the learned surrogate has misconceived the real question involved. Our only concern is the proper construction of the will. The fundamental basis of such construction is to determine the testator's intention to be gathered from the language employed, read in the light of surrounding circumstances. To find that intention we must first assume that testator intended all the legacies to be paid in full and believed that his estate would be sufficient for that purpose. If the event prove him to have been mistaken, then they must all abate proportionately, except that a legacy to his children will be preferred unless they are otherwise provided for. This exception arises, not because such children are entitled legally or equitably

to such preference, but because the law presumes that to have been the testator's intention. If, however, other provision has been made, no such intent is presumed, and the legacy will abate. The court is not at liberty to say that because in its judgment such other provision is inadequate, a preference was intended. This exception to the general rule cannot in my opinion be stretched to that extent. We are not authorized to make or revise wills either to conform to our judgment or to human conditions or for any other reason. Nor can we substitute our judgment for that of the testator as to the adequacy or inadequacy of the provision made for his children. Certainly not where it amounts to a mere difference of opinion. In other words, the courts may not review a testator's judgment and discretion. We are to determine his intention and effectuate it. It is his intention and belief at the time he made the will, mistaken or otherwise, which controls. Did he then intend to make, and believe that he had made, adequate provision for his children? If so, the fact that he erred in judgment does not show an intention to prefer their legacies to others.

This exception to the general rule of abatement is highly artificial, and should, I think, be closely confined. This is so because otherwise we are quite apt to wander far afield in the realm of pure speculation as to a testator's intention. It can be argued as to any will that as to a particular legatee, especially a dependent relative, that had the testator known or realized that his estate would prove insufficient to pay all general legacies, he would surely have preferred that one, though no others obtained anything under his will. But no such doctrine can be upheld, because based on mere speculation, and fraught with dangerous consequences. I think the courts have gone quite as far as they ought in holding that a testator who has not otherwise provided for his children's support than by his will, intended in the event of a deficiency of assets to prefer their legacy to others. Such a rule possesses some element of certainty. But when we attempt, as has the learned surrogate, to determine whether or not such other provision is or is not adequate, and to allow or refuse preference according to our judgment in that respect, we are treading on dangerous ground. In fact, we are remaking the testator's will in accordance with our judgment of what he ought to have done; not truly ascertaining his intention and enforcing it.

The law and the courts have hitherto left it to a father, guided and impelled by the love, affection and tender sympathy he bore his children, to determine the extent and sufficiency of his bounty.

39

By an affirmance of this decree we shall now say that parents are not to be so trusted, but that the court may decide whether their full moral duty to their dependents has been discharged in accordance with its own views of what is right, just and sufficient.

The decree should, therefore, be reversed and the matter remitted to the surrogate to abate the several legacies in accordance with this opinion.

Kelly, P. J., and Kelby, J., concur; Manning and Kapper, JJ., dissent.

Decree of the Surrogate's Court of Westchester county in so far as appealed from reversed upon the law, with costs to both parties payable out of the estate, and matter remitted to said court to abate the several legacies in accordance with opinion by Young, J.