In the Matter of the Estate of ESTHER H. WAXMAN, Deceased.

Surrogate's Court, New York County, June 16, 1927.

Wills — construction — decedent died leaving surviving father, mother and two infant children — estate will not yield income anticipated by decedent — legacies to dependents, particularly to minor children, must be paid in preference to general legacies — provision for children must be preferred.

Decedent, who died leaving her surviving a father, a mother and two infant children, executed a will in which she gave her executors all her interest and stock in a corporation, with direction to set aside "so much of the stock" as would produce $2,000 per annum which was to be paid to her parents for life, and "after setting aside the foregoing, so much of the stock" as would produce $2,500 was to be set aside and income thereof used for the support, maintenance and education of decedent's children. It appears that the total trust estate will not yield the income anticipated by decedent and the question arises in this proceeding whether or not the parents are entitled to a preference in the payment of the income. Since legacies to dependents, particularly to minor

children, must be paid in preference to general legacies given by a will, if the estate is insufficient for that purpose, the provisions for the children must be preferred.

PROCEEDING for accounting involving construction of will.

*Emmanuel Lewin*, for the executor.

*Bernard Sobol*, for Nellie and Meyer Krosovitch.

*Frederick L. Hackenburg*, special guardian.

FOLEY, S.   In this accounting proceeding the court was asked to construe the will of the testatrix.   In paragraph " first " of the will she gave to her executors all her " interest and stock in and to the Camp Colang, Inc.," in trust (a) to set aside " so much of the stock " as would produce Two thousand dollars per annum, which was directed to be paid to her parents during their lives; (b) " after setting aside the foregoing, so much of the stock " as would produce $2,500 was directed to be set aside and the income used for the support, maintenance and education of her children. The will further directed that upon the death of her parents, the stock set aside for them should be added to the stock set aside for the children.   No clear disposition of the remainders is provided for in the will, except that the trustees in their discretion may give the children property held in trust for them " after they have reached their majority."   The testatrix died in 1921.   She left her surviving her father and mother and her two infant children.

Upon a hearing had before me in aid of interpretation, the parties stipulated and agreed on a construction which the evidence showed would carry out the intention of the testatrix.   One of the questions, interesting enough to merit note herein, arose because of the failure of the total trust estate to yield the income anticipated by the testatrix.   The total amount of the trust fund will not yield more than $800 a year, whereas the will directs the payment of $2,000 annually to the parents of the testatrix, and $2,500 annually to her children.   Under these circumstances it was asked: Are the parents entitled to a preference in the payment of their incomes?   If so, the entire income would be exhausted, the children would derive no present interest in the fund, and provision for their maintenance, expressly directed by their mother's will, is entirely lost.   I held that no right of priority in the parents was intended by the maker of the will.   The use of the words in subdivision " b " of paragraph " first," " after setting aside the foregoing " (referring to the stock necessary to produce the $2,000 annual income for the parents) was not a mandatory direction of preference which deprived the children of participation.

That phrase was equivalent in meaning to " besides setting aside the foregoing," or " in addition to setting aside the foregoing." Moreover, the appearance of that phrase in the will was entirely nullified by other provisions which strikingly point to the desire of the testatrix to prefer her children to her parents.  Those provisions may be found, *first*, in the grant of an increased allowance to the children over the parents.  *Second*, the gift of the income to the parents was simply " during their lives," whereas the gift to the children contains the added indication of affection, regard and special solicitude for them by the direction that their income should be used for their " support, maintenance and education." Again in subdivision " c " of paragraph " first," the trustees are given complete charge of their income and " shall use the same on behalf of my children in such manner and for the said purposes as in their opinion and in their discretion shall be for the best interests of my children."  Furthermore, in paragraph fourth if the trustees in their discretion think it to be for the best interest of the children, they may give them outright the property held in trust for them after they attain their majority.

It is a well-established principle of construction that the persons dependent upon the testator's bounty and otherwise unprovided for by the will, or by settlement, shall not suffer by reason of insufficiency of assets.  Legacies to dependents in such cases must be preferred.  Particularly is this rule applied where the testator, as in this estate, leaves minor children.  (*Matter of Neil*, 238 N. Y. 138, revg. 205 App. Div. 605, revg. 117 Misc. 498; *Matter of Lloyd*, 166 App. Div. 1; *Matter of Wenner*, 125 id. 358; affd., 193 N. Y. 672; *Bliven* v. *Seymour*, 88 id. 469; *Petrie* v. *Petrie*, 7 Lans. 90; *Stewart* v. *Chambers*, 2 Sandf. Ch. 382; 2 David's New York Law of Wills, 1633 *et seq.; Brown* v. *Knapp*, 79 N. Y. 136; *Matter of Obst*, 115 Misc. 711.)

Surrogate SLATER in his decision in *Matter of Neil* (117 Misc. 498) comprehensively reviews the authorities applicable since the leading English case of *Lewin* v. *Lewin* (2 Ves. Sen. 415 [1752] ).  He cites *Petrie* v. *Petrie* (7 Lans. 90) where the court said: " A legacy for education, like one for maintenance, must be paid in preference to the general legacies given by the will, if the assets are insufficient for the purpose."  He quotes from *Scofield* v. *Adams* (12 Hun, 366) commenting on the preceding cases, " the rule of law enunciated in them is reasonable, as it is natural and in accordance with common sentiments of affection,   *   *   *.   It commends itself to the conscience as just and right.  It would be unnatural not to intend especial favor in the bestowal of bounties to those who were strong in the affections and dependent upon kind regard."   More-

over, the observations of Surrogate SLATER have particular application to the present case because he defines the meaning of the phrase " otherwise provided for " as used in the authorities, and holds that it means a provision for support and maintenance of the favored beneficiary adequate and reasonable. In the affirmance of Surrogate SLATER's decision in the Court of Appeals (*Matter of Neil, supra*) Judge ANDREWS likewise construed this phrase. He pointed out that the testator in such case contemplated support and means of education necessary for the future of wife, children or other near dependents and held that " otherwise provided for " must " mean more than a nominal provision or one the testator would regard as plainly insufficient." In the *Neil* case also the Court of Appeals held that the preference of the children became effective in spite of the fact that testator had provided, in a separation agreement, for the payment of $2,500 annually for the support of his wife and their children. The court in its conclusion, in view of the inadequacy of assets left by the decedent, held that the provision for the children should be first paid in full.

The written agreement executed by the parties herein provides that the provision for the children be preferred, and that there was an ademption of the provisions for the benefit of the parents. Decree signed approving the agreement settling the issues raised, and settling the account accordingly.