MICHIGAN SANITARIUM AND BENEVOLENT ASSOCIATION, Plaintiff, *v.* ALBERT CLAYBURGH, Defendant.

City Court of New York, New York County, November 3, 1932.

*Reeves, Todd, Ely, Price & Beaty* [*Guernsey Price* of counsel], for the plaintiff.

*Chadbourne, Stanchfield & Levy* [*Max D. Steuer* of counsel], for the defendant.

KAHN, J. Plaintiff conducts a sanitarium in Battle Creek, Mich. The child was taken to the sanitarium by defendant's wife and the services were rendered and the materials furnished at her request. Defendant and his wife have been living separate and apart for a period of years. Under a separation agreement made in 1916, the custody of the infant was awarded to the mother, defendant undertaking to pay his wife $15,000 a year for maintenance and support. Medical attention and supervision of the child's health were to be furnished by a physician designated in the agreement, the father agreeing to bear the expenses of such medical services. While there has been some·question whether the provision for the payment of $1,250 each month to the wife included the maintenance of the child as well as the mother, that question has been resolved by the recent decision of the Appellate Division of this department to the effect that it does, which holding of course is binding upon me. The infant was taken to Michigan in violation of the terms of the agreement which forbade her removal from this State.

Defendant disclaims liability on the ground that he has made ample provision for his daughter's support and that the child did not require the services and materials which plaintiff supplied. He does not dispute his obligation to furnish his daughter with the necessaries of life; he contends that this obligation was fully discharged by the payments made under the separation agreement.

The sole issue is whether the parent has been delinquent in the support of his daughter. ·In the absence of an express contract or request, a stranger can hold the parent.for necessaries furnished his child only when the parent has failed or neglected to support the child or to make adequate provision for her maintenance. (*Van Valkinburgh* v. *Watson*, 13 Johns. 480; *Laumeier* v. *Laumeier*, 237 N. Y. 357; *Loucks* v. *Dutcher*, 112 N. Y. Supp. 269.) He obviously confers no benefit upon the parent when he furnishes goods or services with which the infant has already been provided. There is no proof that the sums given the wife were inadequate for the support of mother and child. There is no proof that the mother withheld necessaries from the child. The services for which plaintiff seeks compensation were rendered at the mother's request with full knowledge of the terms of the separation agreement.

Plaintiff knew that the mother was being amply supplied with money for the child's support and that she was not without funds. It is difficult for me to find that it furnished these goods and services upon the father's credit. The wife clearly had no authority to pledge his credit to the payment of these items. Nor can I find that the child was in need of the aid of a stranger.

The mother may have been unwilling to pay for these goods and services, but there is no proof that she was withholding support and maintenance from the child in violation of her agreement with the father. Plaintiff performed no obligation of the father; the wife was the recipient of the benefits conferred and plaintiff must consequently look to her for compensation. The case would be different if the sums allowed by defendant were inadequate for his daughter's support (*Michaels* v. *Flach*, 197 App. Div. 478; *McClosky* v. *Trust Co.*, 202 Mo. App. 28); if the mother were derelict in discharging the obligations to the child which she voluntarily assumed in the separation agreement, or if the child had been destitute at the time these bills were incurred. While the separation agreement is not binding upon the child who was not a party to it (*Edelson* v *Edelson*, 179 Ky. 300, 313; *Matter of Neil*, 205 App. Div. 605, 608; revd. on other grounds, 238 N. Y. 138; cf. *Kendall* v. *Kendall*, 200 App. Div. 702; *Von Roeder* v. *Miller*, 117 Misc. 106), it does conclude a stranger who, after being apprised of its contents, renders services at the mother's request with knowledge that the mother is possessed of funds derived from the father to maintain the child. *Von Roeder* v. *Miller* (*supra*) is distinguishable in that the plaintiff had no knowledge of the terms of the separation agreement. Moreover, it does not appear that the father, as in the present case, was providing the mother with funds for the type of services which were furnished the child. (See *Kimball* v. *Keyes*, 11 Wend. 33; *Dixon* v. *Chapman*, 56 App. Div. 542.)

Much is made of the defendant's concession before trial that the goods and services in issue were necessaries. I construe this as merely meaning that they are suitable for a person of the station of defendant's daughter and not that she was in such need as to justify the intervention of a stranger.

It appears that in April, while at the sanitarium, the infant contracted a bad cold which required immediate treatment, and that in August she had a digestive disturbance, accompanied by a considerable rise in temperature, for both of which ailments she was treated by physicians connected with the plaintiff institution. The infant was far from her parental home. The physician designated to treat her was not available. These illnesses were special exigencies requiring immediate treatment. As defendant was obliged under the separation agreement to make all outlays for

medical services, plaintiff is entitled to recover the reasonable value of these services. This value is fixed at the sum of seventy dollars and judgment is directed for plaintiff for said sum. Both plaintiff and defendant may have an exception.