In the Matter of the Estate of EMIL E. GABLER, Deceased.*

Surrogate's Court, Westchester County, June 28, 1933.

*Lesser Brothers* and *Hilbert I. Trachman,* for the executors.

*George K. Jack,* for the widow, Ella M. Gabler.

*Aldrich, Morschauser & Haas,* for Norine Veronica Degnan, legatee.

*F. Ferris Hewitt,* for the General Hospital of Saranac Lake, legatee.

SLATER, S. In this petition for instructions, I will decide at this time the one question presented: Should the petitioners continue payments to the widow, and, if so, in what amount?

The seventh paragraph of the will bequeaths to the wife, Ella M. Gabler, $10,000, which amount is afterwards reduced to $5,000 by the fourth paragraph of the codicil.

By the eighth paragraph the trustees are directed to retain and maintain the home at Pelham Manor for the wife.

The tenth paragraph gives the residue of the estate in trust to provide, after maintenance of the home, the payment of an annual sum of $7,200 for the life of the wife. After payment of the annual sum of $7,200 to the wife, the balance of the net income is given to another. There are gifts of money legacies to other persons. Upon the death of the wife the estate passes to various persons and charitable corporations.

The provisions made for the wife are in lieu of dower. The will is dated April 30, 1927, the codicil August 16, 1930.

The gifts to the widow under the seventh paragraph, the eighth paragraph, and the tenth paragraph of the will, and the fourth

---

* Affd., 242 App. Div. 797; leave to appeal to Court of Appeals granted, Id. 849; affd., 267 N. Y. 559.

paragraph of the codicil thereto are to be accorded a preference. A legacy such as is found in this will must be paid in preference to the general legacies given by the will. (*Matter of Neil*, 117 Misc. 498; affd., 238 N. Y. 138; *Matter of Waxman*, 129 Misc. 829.)

I advise the continuation of the payment to the widow in the same amount each month.