In the Matter of the Estate of IRVING I. BLOOMINGDALE, Deceased.

Surrogate's Court, New York County, August 14, 1936.

*Alexander J. Lindsay* and *Richmond J. Reese*, for the executors.

*Max D. Steuer*, for Rosalie B. Bloomingdale and Donald Bloomingdale, beneficiaries.

*Arthur T. O'Leary*, for Geanne Hughes Bloomingdale.

FOLEY, S. The surrogate determines the questions raised in this construction proceeding as follows:

(1) The trust for the testator's son, Donald Bloomingdale, designated in the will as Trust " B," is entitled to priority over the provisions for the benefit of the testator's divorced wife, Rosalie Banner Bloomingdale, and his widow, Geanne Hughes Bloomingdale. The provisions for Donald were in performance of the terms of the separation agreement entered into between the testator and Rosalie Banner Bloomingdale. So far as Donald is concerned, that agreement is valid and enforcible in his favor. Irrespective of the provisions for the other beneficiaries in the will and codicil, the obligation to bequeath $2,000,000 in trust for Donald is separate and apart from the provisions made by the testator for the benefit of Rosalie Banner Bloomingdale, and must first be given full force and effect.

(2) Neither Rosalie Banner Bloomingdale nor Geanne Hughes Bloomingdale is entitled to a preference over the other in the payment of the annual sum of $72,000 directed to be paid to each by the will and codicil. The provisions for Rosalie Banner Bloomingdale and her son, Donald Bloomingdale, were specifically stated in the will to have been made " in compliance with and performance of the terms " of the separation agreement executed between Rosalie Banner Bloomingdale and the testator, and " not in addition thereto." The testator was legally bound to carry out the terms of the separation agreement. He chose to provide by will for the performance on his part of the terms of the agreement and accordingly directed the setting aside of sufficient securities to produce an annual income for Rosalie Banner Bloomingdale of $72,000. She was thereby compelled to elect to take either the provisions for her benefit in the will and codicil (Trusts A-1 and A-2) or the payments called for by the separation agreement. She relinquished her rights under the agreement and elected to take under the will and codicil. The provisions of the testamentary instruments in effect were made in satisfaction of the legal obligations or debt of the testator under the separation agreement, and to that extent are at least entitled to equal consideration with the bequests for the widow, Geanne Hughes Bloomingdale.

The trust for the widow, Geanne Hughes Bloomingdale, designated in the will and codicil as Trust " C," was for her support and maintenance. Such a trust is ordinarily entitled to preference, particularly where its provisions are in lieu of dower. (*Matter of Gabler*, 155 Misc. 418; affd., 242 App. Div. 797; affd., 267 N. Y. 559; *Matter of Neil*, 238 id. 138; *Matter of Smallman*, 138 Misc. 889; *Matter of Birn*, 152 id. 264.) Furthermore, the language of the will clearly shows that the testator's widow, as one to whom he was

more strongly bound by ties of affection than obligation, was the paramount object of his bounty and that he intended her to be the principal beneficiary under his will. To her he bequeathed in trust the balance of his residuary estate, a sum which at the date of the execution of the will and codicil was far greater than the aggregate of the two trusts for his divorced wife and his son Donald, and directed that the income be paid to her to the extent of $72,000 per year. To her he also bequeathed all the income of Trust "C" in excess of the sum of $72,000, if none of such excess income were necessary to make up any deficiency in the income of Trusts "A-1" and "A-2" for Rosalie Banner Bloomingdale. But since the provisions for the latter were in lieu of those of the separation agreement and the testator's obligations thereunder, it must be held that he intended no preference for his widow over his divorced wife until each had received equal payments of $72,000 per annum.

It is contended on behalf of Rosalie Banner Bloomingdale, however, that under the language of the will and codicil the testator intended to give to the widow, Geanne Hughes Bloomingdale, $72,000 a year only out of whatever might be left after satisfying Trusts "A-1," "A-2" and "B." It is true that a residuary bequest is payable only after all general legacies are satisfied, but where the intention of the testator is otherwise and where the legacies, as here, are all payable out of the residuary estate, a different rule must be applied. It is quite evident that the testator intended to treat both his divorced wife and his widow upon a parity, at least to the extent of the payment to each of them of the fixed annual sum. This intention is evidenced by the fact that, in order to match the amount of the payments to Rosalie Banner Bloomingdale, the testator directed that the widow receive out of the income, and if the income be not sufficient, then out of the principal of Trust "C," the like sum of $72,000 annually.

It is further contended on behalf of Rosalie Banner Bloomingdale that because the codicil to the will permitted the invasion of both income and principal of Trust "C" to make up any deficiency in the payment of $72,000 per annum to Rosalie Banner Bloomingdale, the testator intended thereby to prefer the latter over his widow. That charge against Trust "C" for the benefit of Rosalie Banner Bloomingdale, however, was in no way intended to reduce or lessen the right of the widow to receive the fixed annual payments of $72,000. The testator certainly did not intend to permit the income for his widow, for whom he thought he had so amply provided by his will and codicil, to fall below the amount payable to his former wife. His purpose is quite clear that only to the extent that there

should be any excess income over $72,000 from Trust " C," should the income of that trust be invaded to make up any deficiency in Trusts " A-1 " and " A-2." Only in so far as the principal of trust " C " exceeded the amount necessary to produce the annual income for the widow of $72,000, was invasion of the principal, to make up the deficiency of income to his divorced wife, authorized under the will and codicil.

If, therefore, after setting aside sufficient securities in the sum of $2,000,000 to constitute Trust " B " for the testator's son, Donald Bloomingdale, the present assets of the estate are insufficient to produce annual incomes of $72,000 for the widow and for the divorced wife of the testator, the principals of the trusts for each of them must abate in like ratio.

I hold that the will and codicil direct the setting up of each of the trusts separately. Each is severable. The setting up of the trusts and the approval of the allocation of securities to each trust by the trustees may await the determination of the issues raised by the objections to the account.

Order signed appointing referee to hear and determine the issues raised by such objections in the accounting proceeding. Proceed accordingly.