Richard W. "Wallach, J.
The common-law action by a third party against a father or husband to recover the value of neces *945 saries furnished to an infant or spouse is something of a matchlock in the modern legal arsenal, nestling as it does between such howitzers as the alimony and welfare statutes. Properly primed and in the right hands it will still bring down some game. However it remains a somewhat limited weapon, and unfortunately for plaintiff here the intended target is beyond its range.
Plaintiff is a lawyer who has tried this nonjury action before the court to recover the sum of $7,500 alleged to be the reasonable value of legal services rendered to and on behalf of defendant’s infant daughter from November, 1971 through June, 1972. The latter whom we shall call “ Cynthia” (all names except plaintiff’s are fictitious) was 17 years old at this time; her parents had divorced and each remarried others; she was in desperate straits by reason of narcotics involvement. Placed in custodial care for treatment by her mother, Cynthia had run off and was consorting with an older male ex-convict, still then on probation. Defendant father, a most successful corporate executive whose duties involve much European travel, was either unable or unwilling to help. At wit’s end, the mother turned to plaintiff.
Plaintiff responded as best he could. He accompanied the mother and stepfather on a midnight visit to the ex-convict’s apartment and helped to persuade Cynthia to leave despite the surly conduct of her male acquaintance. He counseled with Cynthia, the convict’s probation officer, the District Attorney’s office, and initiated with considerable difficulty a Family Court proceeding which may have had some deterrent effect on Cynthia’s further erratic behavior. Counsel’s efforts were devoted and fairly resourceful; as such they constituted necessaries (Elder v. Rosenwasser, 238 N. Y. 427; Matthews v. Matthews, 30 Misc 2d 681, mod. 18 A D 2d 830, affd. 14 N Y 2d 778). That some of plaintiff’s exertions were unsuccessful would not preclude a recovery (Gutterman v. Langerman, 2 A D 2d 63), nor, ipso facto, the divorce of the parents (Landes v. Landes, 1 N Y 2d 358). But whether the amount sought here is appropriate need not be considered for the reason that the separation agreement executed between defendant and Cynthia’s mother on April 10, 1967, and amended under date of August 5, 1971, is a bar to this action.
Th original agreement fixed the sum of $8,000 per annum as defendant’s support obligation for Cynthia and her younger brother. On behalf of the mother, plaintiff himself negotiated and drafted an increase in this provision of $3,000, plus Blue *946 Cross, Blue Shield, and major medical insurance coverage for the two children. The evidence was that the present level of support — $11,000 plus per annum — constitutes approximately 20% of the father’s current net income after taxes. It cannot be said that such a level of support is inadequate to the point where a court may intervene and alter the agreements of the parents.
It is of course true, as plaintiff argues, that the courts are not rendered impotent to assist a minor where his mother has made an improvident separation agreement (Matter of Kern v. Kern, 65 Misc 2d 765). Children are not parties to a separation agreement, and if its terms are grossly prejudicial to their welfare, the court can fix the proper level of support (Weinberger v. Weinberger, 231 N. Y. S. 2d 521; Matthews v. Matthews, supra). But this power of the court is exercised directly on behalf of the infant only after a finding that the amount contracted for is inadequate or circumstances have changed significantly. A third party, acting in concert with the custodial mother, cannot in the guise of furnishing necessaries rewrite an agreement which bears a fair relationship to the father’s support capability, particularly where, as here, such third party has full knowledge of the support arrangements in effect.
Although both sides have .submitted able briefs neither has cited Michigan Sanitarium & Benvolent Assn. v. Clayburgh (145 Misc. 403), a decision which appears most in point to the court. In that case the mother, although receiving $15,000 annual support under an agreement, placed the child in a sanitarium, which sued the father for the value of the necessaries furnished. Instead of paying the bill the father retained Max D. Steuer, Esq. to resist it. Except for some incidental medical bills which the agreement required defendant to pay, the court sustained the father stating (p. 405): “While the separation agreement is not binding upon the child who was not a party to it * * * it does conclude a stranger who, after being apprised of'its contents, renders services at the mother’s request with knowledge that the mother is possessed of funds derived from the father .to maintain the child.” With respect to the separation agreement and its amendment here at bar, no human being .on earth is more “ apprised of its contents ” than plaintiff whose legal back enfolds it, except perhaps for the signatories themselves.
Decisions such as Krieger v. Krieger (162 Misc. 930) do not aid plaintiff here. They merely hold that the adequacy of a separation agreement is not to be determined as a matter of law *947 on the pleadings, hut only after trial. Such is now the posture of this case. Plaintiff may well have a remedy elsewhere, hut not against .this defendant father on the theory of necessaries.
Accordingly, the complaint must be dismissed and defendant is entitled to judgment.